FANNIE L. FIELD, Respondent, *v.* ROBERT M. KNAPP, Appellant.

Under a general denial in an action upon an account stated, defendant has the right to show that the account, although standing upon his books in the name of plaintiff was actually the account of another, whom plaintiff's name represented; that all of the dealings were with and the indebtedness was to such other person; and so, that defendant had incurred no responsibility to plaintiff.

(Argued December 9, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made May 15, 1884, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*Merritt E. Sawyer* for appellant. To constitute an account stated there must be a meeting of the minds of the parties, an understanding, a mutual agreement between them. It is a new promise. (*Lockwood* v. *Thorne*, 18 N. Y. 289; *Stetson* v. *Jerome*, 54 id. 480; *Volkening* v. *De Graff*, 81 id. 268; 12 J. & S. 424; *Harvey* v. *West Side El. R. R. Co.*, 13 Hun, 392; *Thurman* v. *Sanders*, 21 Ark. 259.) Whatever the plaintiff is required to prove to establish his cause of action, the defendant may disprove under a general denial. (*Clifford* v. *Dam*, 91 N. Y. 55, 57; *Gurnsey* v. *Rexford*, 63 id. 631; Code of Civ. Pro., § 723; *Diamond* v. *Williamsburg Ins. Co.*, 4 Daly, 495; *Hennequin* v. *Clews*, 14 J. & S. 330.)

*Chauncey S. Truax* for respondent. This court will not assume to determine where the weight of testimony lies. (*Maher* v. *C. P. N. & E. R. R. R. Co.*, 67 N. Y. 55; *Hayden* v. *Florence Sew. Mach. Co.*, 54 id. 224.) Neither will it review facts. (*Hallahan* v. *N. Y., L. E. & W. R. R. Co.*, 101 N. Y. 199.) The defendant's motion to amend his answer "by alleging as a separate defense that the plaintiff is not the real party in interest," etc., was properly denied. The amendment asked for, had it been granted, would have constituted a new defense. (*Riley* v. *Corwin*, 17 Hun, 577; *Dougherty* v. *Valloton*, 6 J. & S. 455; *Ford* v. *Ford*, 35 How. Pr., 321.) Under the general denial the defendant could not introduce evidence tending to show a defense founded upon new matter. (*Weaver* v. *Barden*, 49 N. Y. 286.) The questions asked by defendant's counsel related to defenses not set up in the answer and being objected to, were properly excluded. The exclusion of such evidence was not error. (*Savage* v. *Com. Exchange, etc., Ins. Co.*, 4 Bosw. 1, 15, 16; affirmed, 36 N. Y. 655.)

EARL, J. This action was brought to recover against the defendant the sum of $8,000 and upwards on an account stated. The plaintiff does not in her complaint allege any dealings between her and the defendant, or that any account

in fact existed between her and him; but she simply alleges, in the most meagre way, that an account was stated between her and him, and that upon such statement a balance of $8,206.29 was found to be due to her. The answer is a general denial. The case was tried before a referee, and in his report he does not find that there had ever been any dealings between the plaintiff and the defendant, but he simply finds as alleged in the complaint that an account was stated between her and him, and that the balance claimed was found to be due to her. Upon the trial of the action the plaintiff made no direct proof of any actual dealings between her and the defendant, or that she ever had any transactions with him, or that she at any time paid him any money. She presented an account which was headed as follows: "Mrs. F. L. Field. In account with R. M. Knapp, 76 Broad street," and upon that account the balance claimed by her appeared to be due. It does not appear how that account came into her possession, nor, if sent to her, why it was sent to her. A witness called by her testified that she placed the account in his hands; that he took it to the defendant and requested him to pay the balance; that the defendant acknowledged it to be correct, but stated that he could not pay it then and requested him to tell plaintiff's husband to come and see him and he would try and fix it up in some way with him; that he would pay it as soon as he could. This witness further testified that he called upon the defendant a second time and asked him for the balance due upon the account, and that he again acknowledged that the account was correct, and stated that he would give a check in settlement of it, provided the plaintiff would deduct from the balance appearing to be due upon the account, as presented, the amount due to the defendant upon accounts standing in the names of C. C. Field and John R. Field, the former being her husband's brother and the latter being her son. This evidence was sufficient *prima facie* to establish the plaintiff's allegation of an account stated. She accepted the account and agreed to it as correct, and when it was presented

to the defendant the evidence tended to show that he agreed to pay it; and thus it could be inferred that he acknowledged that the balance appearing to be due upon the account was correct. The account itself furnished *prima facie* evidence of speculative dealings between the plaintiff and defendant out of which the account grew.

The defendant was called as a witness on his own behalf and substantially denied the facts testified to by the plaintiff's witness. He further testified that he never had any business transactions with the plaintiff; that he was not indebted to her in any sum whatever; that he did not know in whose handwriting the account produced by her was; that an account was kept on his books in the plaintiff's name which was opened at the request of C. H. Field, her husband, who stated at the time that he did not wish his own name on the books, as he did not want his partner to know anything about it; that his dealings and transactions which entered into the account were mostly with the plaintiff's husband, and once in a while with her son; that he never received any instruction from her as to any of the transactions; that her husband, when he opened the account, told him to put down his name as F. L. Field, and two other accounts were opened by him, one in his brother's name and one in his son's name; that he stated he would be responsible for all the accounts; that he, defendant, never paid any money to the plaintiff; that he did not know at the time the account was opened, who F. L. Field was and did not learn that it was the plaintiff until nearly the close of the business entered in the account; that her husband said when he opened the account that if "there was any loss on the accounts standing in the names of F. L. Field, J. R. Field or C. C. Field, he would be responsible for it. He was then asked these questions: "State whether or not you ever received any money from F. L. Field direct?" A. "No, sir." Q. "State what conversation, if any, you had with Mr. Charles H. Field as to paying any accounts or transactions in the name of F. L. Field?" This question was objected to and then the defendant moved to amend his answer by alleging,

as a separate defense, as follows: " That the plaintiff is not. the real party in interest; that the defendant never had any dealings with the plaintiff and never rendered to her the account stated in the complaint or any other; that he trans- acted business during the summer and up to September 12, 1882, with Charles H. Field; that he received his directions. from said Charles H. Field, and paid to him any and all money and profits realized therefrom ; that at the request of said Charles H. Field, he put the accounts of such transactions in different names, one of which was F. L. Field, and made statements to Charles H. Field under that name, always at the request of said Charles H. Field, and with the understanding and agreement of said Charles H. Field that the business was his alone and all profits were to be paid to him, and all losses borne by him; that said Charles H. Field also requested defendant to keep accounts in the names of C. C. Field, J. R. Field, with the same understanding and agree- ment, said Charles H. Field further agreeing that he would pay all losses on or under the said names of C. C. and J. R. Field, and that the whole transactions under said three names should be as one for the benefit and to the loss of said Charles. H. Field; that said transactions resulted in large profits which were paid to said Charles H. Field, the checks being made in the said three names aforesaid, and the said Charles H. Field receiving the money, especially· this, in the name of F. L. Field, said F. L. Field never receiving any portion thereof. Said transactions resulted so that on the twelfth day of Sep- tember there was a balance due from defendant of about $1,000 to said Charles H. Field, which he has always been and now is ready and willing to pay; that the accounts, as made up in the said three names, showed due to defendant under the names of J. R. and C. C. Field, the sum of about $7,000, and showed due from defendant under the name of F. L. Field, about $8,000 ; that such account was not rendered said F. L. Field but C. H. Field and the money was due him alone."

Plaintiff's counsel objected to the amendment, and it was.

·denied.    Thereafter the defendant was, as a witness, asked by
his counsel the two following questions, which were excluded
under objection of plaintiff's counsel:    Q.  " Mr. Knapp, you
have stated that this account was opened ·for Charles H. Field
in the name of F. L. Field, by his instruction.    Will you
please state what conversation you had with Mr. Charles H.
Field, and what directions he gave you as to the opening of
an account for him in the name of F. L. Field ? "    Q.  " State
what Mr. Charles H. Field said to you, either at the time of
·directing you to open that account in the name of F. L. Field
for him, or at any time thereafter, as to whether the amount
was his, and it was opened in that name, but still to be his
account and for himself ? "    And then he was asked this
question :    Q.  " State what instructions, if any, were given
in your presence by Charles H. Field, to your clerks, as to
entering an account for him and putting it in the name of
F. L. Field ? "    In answer to this question the witness stated
as follows :  " All the transactions, purchases and sales were by
the instructions and under the direction of Charles H. Field
alone."    He was then asked the following questions, which
were excluded under plaintiff's objection:    Q.  " What did he
state to you about that ? "    Q.  " State what conversation you
had with Mr. Field in reference to any such transactions ? "
·Q.  " State whether Mr. Field told you that the business was
his and the transactions were to be for him ; that he was to
furnish the money and receive the profits, but he wanted it in
the name of F. L. Field, in order that he might be able to say
to his partner that his name was not upon your books ? "
·Q.  " State whether or not you received the money for margins
for purchases in the name of F. L. Field from Charles H. Field,
.and with the direction from him as stated in the last question,
.and whether the profits realized from any such transactions
were or were not paid to Mr. Charles H. Field ? "  ·

All of these questions seem to have been excluded upon the
·theory that they were inadmissible under the answer.    But
under· his general denial, the defendant had the right to give
.any evidence which would show that there was actually no

account between him and the plaintiff, and that he had no dealings at any time with her, because if there were no accounts, and no dealings between them, then there was nothing upon which an account could be stated; and he had the right to give any evidence tending to show that no account had been stated. It was competent for the defendant to show that, although this account stood upon his books in the name of the plaintiff, it was actually the account of her husband, and that her name on the books represented him; that all the dealings were with him; that the defendant incurred no responsibility whatever to the plaintiff, and that his actual indebtedness was to her husband for the balance due upon the three accounts, which really constituted but one account.

Our conclusion, therefore, is that the defendant was entitled to prove substantially all the facts alleged in the proposed amendment to his answer under the issue framed by his general denial, and that the referee erred in excluding the evidence offered.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.