### [No. 3569.]
### TELLER v. FERGUSON.

1. BURDEN OF PROOF—OPENING AND CLOSING CASE.

Where plaintiff avers an amount due him under a contract, and that an account was stated, showing the balance due, and defendant admits the contract and the amount due, but claims the amount due is payable to a third party and not to plaintiff, the answer does not admit plaintiff's whole case. The burden of proof is on plaintiff and defendant is not entitled to open and close the case.

2. EVIDENCE—ADMISSIONS OF PARTY.

The admissions of a party to a suit are admissible in evidence without first fixing the time and place of such conversation.

3. DEPOSITIONS—WAIVER OF OBJECTIONS.

Objections to depositions waived at trial are not available on appeal.

4. EVIDENCE.

In a suit upon a contract, where the defense is that the amount due is payable to a third party, testimony that said third party did not know of such arrangement, and that he had never demanded the money, was admissible, under instruction by the court that knowledge of such party was not necessary to the validity of the contract.

5. SAME.

Witness on cross-examination cannot be required to answer whether or not he made certain allegations in a verified complaint in another suit, without first exhibiting to the witness the complaint referred to.

*Appeal from the District Court of Arapahoe County.*

THE plaintiff in his complaint alleges that in the month of August, 1892, and for some years prior thereto, the defendant was engaged in the business of furnishing ties to the Union Pacific Railway Company, under a five years' contract; that the defendant employed plaintiff in August, 1892, to

assist him in carrying out the contract, and that by the terms of such employment the plaintiff agreed to keep an account of all ties inspected at various points along the line of the Union Pacific Railway, and that his compensation therefor should be one sixth of the net profits which should thereafter accrue to the defendant under said contract with the railway company. It is further alleged that the plaintiff entered into and continued in the employment of the defendant under said contract, from the 12, day of September, 1892, to and including the 31, day of May, 1894.

The plaintiff avers that the net profits derived by the defendant from his contract as aforesaid during the dates last mentioned amounted to the sum of $82,976.46. It is further alleged that an account was stated between the plaintiff and defendant on the 1, day of June, 1894, and it was then found that after allowing the plaintiff credit for one sixth of the net profits, and deducting therefrom all advances made to plaintiff, there was due from the defendant to the plaintiff a balance of $7,173.55. It is alleged that the defendant has not paid the plaintiff such balance, nor any part thereof, wherefore plaintiff prays judgment for the balance so remaining unpaid.

To this complaint an answer was filed in which the defendant admits the employment of plaintiff as stated in the complaint; admits the compensation agreed upon to be as stated in the complaint; but denies that the defendant ever agreed to pay plaintiff such compensation.

Further answering, the defendant alleges that at the time of making the contract the plaintiff was related to the defendant in this: the wife of the defendant was a half-sister of plaintiff; that the father of the plaintiff, James F. Ferguson, was a man without means, having a family of three daughters in addition to said son, John A. Ferguson; that the father and daughters were without any means of support except as received from said John A. Ferguson, or from contributions received before that time, and then being made, to their support by the defendant; and that it was specially agreed in

the contract that one half of the one sixth of the net proceeds, which was to constitute plaintiff's compensation, was to be paid to the said James F. Ferguson for his use and benefit and that of his daughters. Defendant alleges that his contract with the plaintiff was for the purpose of giving plaintiff an opportunity to get a start in money matters, and further to relieve the defendant from any obligation, either moral or legal, to provide for the maintenance of James F. Ferguson and his family.

The defendant further answering says that the plaintiff has received out of the net proceeds derived from the contract the sum of $7.980.09, which is an amount greater than that due him under said agreement. The defendant avers that he is not now in any manner indebted to the plaintiff.

The defendant further answering says that he had paid out, at the instance and request of plaintiff and for his use and benefit, various amounts aggregating about $400.

The plaintiff filed a demurrer to this answer, but afterwards withdrew the same, substituting a replication therefor. The replication admits that plaintiff owes for the items specified in the answer at the rates charged; all other matters in the answer are denied.

Upon these issues the cause was tried to the court and jury. The trial resulted in a verdict and judgment for the plaintiff for the sum of $7,335.18. To reverse this judgment the defendant brings the case here by appeal.

Messrs. TELLER, ORAHOOD & MORGAN, for appellant.

Mr. THOMAS WARD, Jr., and Mr. THOMAS MITCHELL, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

In the arguments before this court, both oral and written, the decision of the trial court that the burden of proof was upon the plaintiff, and that he was for this reason entitled to

open and close the introduction of evidence and the arguments to the jury, is the question to which counsel have given their principal attention. The record shows that before the introduction of any testimony the defendant moved the court to be allowed "the opening and closing arguments," which motion was denied, and the ruling of the court duly excepted to. It does not appear that defendant thereafter renewed such application until after the verdict of the jury was returned; but in his motion for a new trial, the refusal of the court to allow him "the opening and closing in this case" is given as a ground of error. Plaintiff contends that the ruling of the court in this regard is free from error; *first*, for the reason that the defendant, in the first instance, asked only to be allowed the opening and closing arguments, and did not specifically ask to be allowed to open and close the case; *second*, that if he had claimed the right to open and close the case, this could not properly have been sustained, as under the issues the burden of proof was upon the plaintiff, and that he (plaintiff) was consequently entitled to open and close.

Strictly speaking, the motion should have been for permission to open and close the case, instead of for the "opening and closing arguments," the arguments being merely incidental to the right to so open and close the evidence; but for the purposes of this review we shall treat the motion made as sufficient to raise the question of the burden of proof.

The plaintiff in his complaint avers that he performed certain services under a contract with the defendant by the terms of which the defendant became indebted to plaintiff, etc., and that after the services were rendered an account was stated between them showing a balance "due from the defendant to the said plaintiff of $7,173.55." The defendant admits the contract as stated by plaintiff, admits that he owes the amount, but denies that he owes it to plaintiff, and alleges that it is payable to plaintiff's father, James F. Ferguson.

In other words, the defendant admits the plaintiff's cause

of action with the exception of the accounting and that the unpaid balance was due plaintiff; but he did not admit the whole of plaintiff's case. The plaintiff avers that this balance was due him. The defendant says, in effect, that it was not due the plaintiff because, by the terms of the contract, it was expressly made payable to plaintiff's father. This answer is in the nature of an argumentative denial. The same facts could have been shown under a general denial. Under a general denial the burden of proof is always upon the plaintiff, and the form in which this denial is made in this case did not shift the burden. The defendant claims that this answer was framed for the purpose of giving him the opening and closing of the case, but the substance and effect of the issue is more to be regarded than the mere form of the pleading. 1 Greenleaf on Evidence, § 74.

The case as made by the pleadings in its essential particulars is quite similar to that of *Field v. Knapp*, 108 N. Y. 87. In that case the plaintiff alleged that an account was stated between her and the defendant, and that upon such statement a balance of $8,226.29 was found to be due her. The answer is a general denial. At the trial the defendant offered to show that the account, although standing upon defendant's books in the name of plaintiff, was actually the account of her husband; that all of the dealings were with him, and that the indebtedness was due to him. At the trial an amendment setting up these facts was offered and rejected by the court, and the evidence was thereafter excluded upon the theory that it was inadmissible under the general denial of the answer; but the court of appeals held that the evidence was admissible, that under the general denial the defendant had a right to give any evidence to show that "although this account stood upon his books in the name of the plaintiff, it was actually the account of her husband, and that her name upon the books represented him; that all the dealings were with him; that the defendant incurred no responsibility whatever to the plaintiff, and that his actual indebtedness was to her husband for the balance due."

So in this case we are of the opinion that proof of the matters set forth in the defendant's answer would have been admissible under a general denial. It certainly would have been competent under such a denial to have shown that no account whatever was stated between the plaintiff and the defendant; that the defendant had had no dealings with the plaintiff; that the amount was not due plaintiff in whole or in part; and evidence tending to show that a part was due a third party would go to defeat plaintiff's action by showing that it was not due the plaintiff. *Field v. Knapp, supra, Jacobs v. Fisher,* 50 Eng. Com. Law, 177.

To constitute what is known as "an account stated," there must have been an accounting between the parties, a balance struck, and a promise, express or implied, to pay such balance to the plaintiff. A general denial puts all these matters in issue, and it is only when fraud, mistake, errors, payment of balance, and like defenses, are relied upon to defeat the action, that it becomes necessary to apprise the plaintiff of such defense by a special plea. *Warner v. Myrick,* 16 Minn. 91; *Volkening v. De Graaf et al.,* 81 N. Y. 268; *St. Louis L. B. B. Co. v. Colo. Nat. Bank,* 8 Colo. 70.

It is urged that the defendant was prejudiced by the admission of incompetent, irrelevant and immaterial evidence. William J. Puckett was introduced as a witness on behalf of plaintiff and allowed to testify, against objection, to a conversation which occurred between the defendant and the witness. "Q. State the conversation you had with Mr. Teller regarding that matter." To which question the defendant then and there objected, unless they fixed the time of the conversation. Which objection was overruled by the court.

Mr. Teller is the defendant, and any admission made by him is competent, and to render such admission admissible it is not necessary in the first instance to fix the time and place at which the conversation took place. It seems that Mr. Teller and the witness Puckett were jointly interested in the contract with the railroad company, so that when Mr. Teller agreed to give plaintiff a one-sixth interest in the net profits,

it was necessary for him to secure Puckett's consent thereto, which was given. We think the evidence of this witness competent, although of little importance; and if defendant desired to fix the time and place of the conversation, he should have done so on cross-examination.

The deposition of James F. Ferguson, the father of plaintiff, was introduced. It is contended that much of the examination of this witness is incompetent, although the objections now urged to some of the interrogatories propounded to him were expressly waived at the trial, and for this reason are not available upon appeal. This eliminates all objections to the interrogatories Nos. 6, 7 and 8. In response to interrogatories Nos. 9 and 10 the witness James F. Ferguson testified that he did not at any time agree with the defendant and plaintiff that any compensation for the services of his son should be paid to him, and that he had no knowledge that any such arrangement had been made. Complaint is also made of the following portion of the examination of the defendant: " Q. Now, Mr. Teller, did James F. Ferguson demand of you the payment of this money?" To which question the defendant, by his counsel, then and there objected on the ground that the same was immaterial, irrelevant and incompetent. Objection overruled. " A. No, sir, I think he never has."

Previous to the introduction of this evidence and when Mr. Teller was examined as a witness in his own behalf, he testified, among other things, that James F. Ferguson, the father of plaintiff, came to his office on one occasion with an order for $200 from his son. The witness said: " I told him it was not necessary to bring an order, but that part of the money was his. He came two other times, and received at one time one hundred dollars and another time two hundred dollars. * * * When Mr. James Ferguson, the father, came to me for money, and I told him it was not necessary to have an order, I had no other conversation with him in regard to how it should be paid. He understood it in a general way, and I think the whole family so understood it."

It is evident that Mr. Teller desired to impress the jury with the idea that the father understood the contract to be as claimed by the defendant, and that one half of the money was to be paid to him. To overcome this testimony we think it was competent to show by Mr. Ferguson, Sr., that, in fact, he had no knowledge that any portion of the compensation was to be paid to him, and, so far as he was aware, no agreement to that effect had been made ; and that Mr. James F. Ferguson had never demanded the payment of this money.

Measuring the conduct of the parties by the rules usually governing men under similar circumstances, it was natural, if Mr. Ferguson, Sr., knew that the money was coming to him, as stated by Mr. Teller, that he should, at some time, have made some demand for it. Not having made the demand would be some evidence that Mr. Ferguson did not understand the transaction as Mr. Teller stated that he did.

The claim that from the admission of this evidence the jury may have been misled into believing that, although they should find that by the terms of the contract one half of the amount earned by appellee was expressly made payable to his father, such an agreement would not be binding upon the parties to the contract unless the beneficiary knew of the terms and assented thereto,—is set at rest, we think, by the first instruction given at the request of defendant, to wit :

" Instruction 1. The court instructs you that a contract may be made for the benefit of a third party, and with or without the consent of the third person ; so, if you find from the evidence it was the intention, and the contract in this case was made that one half of this amount to accrue therefrom should be for the benefit of James Ferguson, such contract is binding, and the money is payable to James, the father of the plaintiff, and your verdict should be for the defendant."

In this instruction the law upon this subject is correctly defined, and we must assume that the jury, in considering

the effect of the evidence, were governed by it. *Lehow v. Simonton*, 3 Colo. 346; *Green v. Richardson*, 4 Colo. 584.

Error is assigned upon the refusal of the court to require the plaintiff on cross-examination to answer the following question against objection: " Q. Isn't it a fact that you commenced a suit in this court against Mr. Teller, on the 18th of August, 1894, for this same demand, and made complaint and swore to it, alleging that you had entered into a copartnership with Mr. Teller for the transaction of this business, by which you claimed to have a sixth interest, and that the copartnership was wound up by mutual agreement, on the 31st of December, 1894 ? " If such a complaint was, in fact, made by plaintiff, the complaint should have been exhibited to him before he was required to testify in reference thereto. 1 Greenleaf on Evidence, § 463.  The record shows that after the objection to this question was sustained, two complaints were exhibited to the witness, and that he acknowledged the signature to each as being his; but after these complaints were exhibited, the witness was not further interrogated in reference to the matter, and the record does not show what, in fact, the complaints did contain.

Our conclusion upon the whole record is that the case was fairly submitted to the jury upon proper instructions. There is but a single issue in the case, viz: whether the contract was as alleged by the plaintiff, or as stated by the defendant.  The evidence upon this issue is sharply conflicting, and we see no reason why the verdict of the jury in favor of plaintiff should be disturbed.

The judgment of the district court is accordingly affirmed.

*Affirmed.*