RUNKLE & FOUSE v. SOLOMON KETTERING, Appellant,

**Contract of novation:** RIGHT OF ACTION: CONSIDERATION. The promise of one party, supported by a consideration, to pay the debt of another due a third person is not within the statute of frauds and may be enforced by such third person; but to a suit by such third party the promisor may plead a want of consideration for the promise.

**Novation:** CONSIDERATION. Where one agreed for a consideration to give another a mortgage as security for indebtedness, but afterward as a condition of the execution of the same exacted a promise from the mortgagee to pay certain other indebtedness of the mortgagor not included in the original contract, the promise to pay such further indebtedness was without consideration.

**Same.** An agreement of one to turn over the proceeds of a farm to another on consideration that the latter should pay certain debts of the former, was founded on a sufficient consideration.

**Consideration:** INSTRUCTION. Where the only consideration for the promise to pay a certain debt of another was the agreement of the debtor to turn the proceeds of his farm over to the promisor, it was error in submitting that issue to refer to the consideration supporting a different agreement in such manner as to lead the jury to believe that a sufficient consideration for the promise in either case would support a recovery against the promisor.

**Open account:** LIABILITY OF PROMISOR. One who, for a consideration, agrees with another to pay for him a future balance of his open account, is liable therefor when such balance is found on his investigation to be due.

**Evidence:** LIABILITY OF PROMISOR. Where the evidence tended to show that goods were sold to one person on the promise of another to pay therefor and that the one to whom the goods were delivered had paid the consideration for such promise, the fact that credit was given on plaintiff's books to the one to whom the goods were delivered did not conclusively show that the sales were not made in reliance on the promise of the other.

*Appeal from Linn District Court.*— J. H. PRESTON, Judge.

## FRIDAY, JANUARY 13, 1905.

ACTION on an alleged promise of defendant to pay an account owing plaintiff by one Wilson, and also to pay for goods subsequently furnished him. Judgment was rendered as prayed, and defendant appeals.—*Reversed.*

*Farber & Johnson* and *Dawley, Hubbard & Wheeler,* for appellant.

*Mac. J. Randall* and *Smith & Smith,* for appellee.

LADD, J.—On the 22d day of November, 1900, one W. W. Wilson was indebted to plaintiff in the sum of $308.73; and it is claimed by plaintiff that, for a valuable considera-

1. CONTRACT OF NOVATION: right of action; consideration.

tion moving from Wilson to defendant, the latter promised to pay the same, and also promised to pay or cause to be paid any indebtedness thereafter incurred by Wilson for goods. This was denied by defendant, who also averred that the agreement, if made, was within the statute of frauds. The right of a party for whose benefit a contract of this kind has been made to maintain an action thereon is settled beyond controversy in this State. See *Beeson v. Green,* 103 Iowa, 406, and cases cited. But the plea of want of consideration is quite as available on the part of the defendant as though sued by the other party to the contract. If based on an adequate consideration, however, the contract, as it is an original undertaking, is not within the statute of frauds. *Johnson v. Knapp,* 36 Iowa, 616. Upon this principle the plaintiff must recover, if at all.

It appears that the defendant in the fall of 1899 orally agreed to sell his farm to Wilson, and advanced considerable money to him with which to purchase stock. A contract of sale was to be executed, and also a chattel mortgage covering

Wilson's personal property, to secure what should be found

**2. NOVATION: considera- tion.**   due the defendant. Wilson entered into pos- session of the farm March 1, 1901, but the instruments mentioned were not executed until a year later. Plaintiff claims that, as a condition to the execution of the mortgage, Wilson exacted a promise from defendant in the fall of 1900 to pay certain outstanding accounts of Wilson, including that of plaintiff. If this be conceded, the promise was without consideration, for in executing the mortgage he was doing no more than he had previously promised, and was bound to do under the original arrangement. Merely fulfilling an existing obligation would not supply a new consideration. In so doing he merely discharged an obligation previously undertaken, and which might have been enforced independent of the condition said to have been imposed. See *Marshall Field Co. v. Oren Ruffcorn Co.,* 117 Iowa, 157; *Kelly v. Ry.,* 93 Iowa, 436; *Hensler v. Watts,* 113 Iowa, 741; *Hunt v. Postlewait,* 28 Iowa, 427; *State ex rel. v. City of Davenport,* 12 Iowa, 335.

To the suggestion made in oral argument that debts other than those originally contemplated were included in the mortgage, it is to be said that this is not borne out by the

**3. SAME.**   record. But were it otherwise, there is no evidence that these were secured because of a promise to pay the accounts. According to Wilson, the condition was interposed to the execution of any mortgage, without mention of its terms or indebtedness to be secured. Wilson also testified that, in addition to his agreement in the fall of 1900 to execute the mortgage, he also promised to, and did subsequently, turn over to defendant all the proceeds from the farm, on condition that the latter would pay the accounts mentioned. Nothing had been said in the original arrangement concerning the terms of mortgage. It was merely to cover Wilson's personal property. No mention was made of the crops to be grown, or of the increase of the stock. The proceeds of the farm then were not included in

the mortgage agreed to be executed, and Wilson's promise, if made, to turn these over to defendant, especially when followed by compliance therewith, afforded ample consideration for defendant's promise, if he made any, to discharge Wilson's debts.

II.   In the fourth paragraph of the charge the court instructed that:   "If you find from the evidence that on or about November 22, 1900, W. W. Wilson was indebted to

4. CONSIDERA-
TION: in-
struction.

plaintiff in the sum of $298.73; that prior to said date said Wilson made a verbal agreement with defendant, by the terms of which the defendant agreed that if Wilson would mortgage to him his property, or place it in his hands, and would turn over and deliver to him the proceeds of the farm occupied by Wilson, defendant would pay, among other debts of Wilson, the amount of plaintiff's account against Wilson; that Wilson complied with said agreement by mortgaging or turning over to defendant all his personal property, and continued so to do, whilst he remained on said farm " — and, if the account had been agreed upon, plaintiff would be entitled to recover thereon; otherwise, on this count, the finding should be for the defendant. The error is in stating the mortgaging of the property, and turning it and the proceeds of the farm over to the defendant, in the alternative, and repeating the expression in referring to compliance with the agreement.  Under the instruction, either the mortgage or turning over the proceeds of the farm would warrant a recovery by plaintiff.  As already pointed out, the promise to or execution of the mortgage, under the circumstances of the case, cannot be regarded as a sufficient consideration.  The only issue proper to have been submitted was whether Wilson promised to turn over the proceeds of the farm, and so did in consideration of defendant's stipulation to pay certain of his debts, including that to plaintiff.

III.   Appellant contends that there was no proof of an account stated.  His position seems to be that no one but the original debtor, who is familiar with the items, may be-

come liable on the promise, express or implied, to pay a balance on settlement. Familiarity with the items of an account has never been made a test of liability on an account stated. If another has so obligated himself to pay the account that the obligation may be enforced, we can perceive no reason for not giving the same effect to his promise to pay the balance found to be due, upon investigating its accuracy, as would have been accorded a like promise by the original debtor. See *Field v. Knapp,* 108 N. Y., 87 (14 N. E. 829). It is not pretended that the mere promise to the debtor will constitute the account an account stated. *French v. French,* 2 M. & G. 644. But it is otherwise where, in pursuance of a valid original promise, the third person, as the result of an investigation, fixes upon the balance due, and agrees to discharge the same as his own debt. *Ferguson v. Kerr,* 5 U. C. Q. B. 261. See *Cocking v. Ward,* 1 C. B. 858; *Knowles v. Mitchell,* 13 East, 249.

*5. OPEN AC-COUNT: liability of promisor.*

IV. Wilson began trading with plaintiffs in 1896, and their book indicated a continuous account until November 6, 1901. During this time all charges were made to Wilson, and all payments credited to him. No change in this respect was made after defendant's alleged promise to pay for goods thereafter to be sold to him. They were charged to Wilson. Appellant insists that this shows conclusively that credit was extended to Wilson, and not to defendant on his alleged promise to pay therefor. That the account was so kept certainly tended to sustain this conclusion. But the books were merely evidence, and no more conclusive than other evidence of what was done and intended by the parties. *Christman v. Pearson,* 100 Iowa, 634; *Green Bay Lumber Co. v. Thomas,* 106 Iowa, 420. The plaintiffs testified that goods were furnished Wilson on the faith of defendant's agreement to pay therefor, and as, according to Wilson, he had turned everything over to defendant, and had so informed plaintiffs, the jury might have

*6. EVIDENCE: liability of promisor.*

concluded that, notwithstanding the method of bookkeeping adopted, the sales were made in reliance, on defendant's promise.

Because of the error in the instruction pointed out, the judgment is *Reversed.*