NETTIE VENZ, Appellee, v. STATE AUTOMOBILE INSURANCE ASSOCIATION OF DES MOINES et al., Appellants.

No. 42046.

NOVEMBER 14, 1933.

REHEARING DENIED MARCH 16, 1934.

Clark & Clark, for appellants.

Mears, Jensen & Gwynne, for appellee.

MITCHELL, J.—On the 1st day of September, 1929, the appellee, a resident of Waterloo, Iowa, was injured in an automobile collision between the car in which she was riding and an automobile owned by T. W. Wren, who was doing business under the name of "Rent–a–Car and Drive–Ur–Self" Garage. At the time of the accident resulting in the injuries to the appellee, the automobile owned by

T. W. Wren was driven and operated by one Donald Powers, a boy under fifteen years of age, who had rented the automobile from the said Wren and paid him the consideration for it. The business operated by Mr. Wren was one in which he rented cars to the public, and it was pursuant to such calling that he rented the car to Donald Powers, whose negligence in driving the car resulted in the appellee's injuries. Mr. Wren carried a policy of insurance in the appellant company, insuring him against loss from liability imposed by law on account of bodily injuries suffered by any person as the result of an accident occurring while such contract was in force, due to the ownership or use of any automobile described in the contract. The car rented by Donald Powers and which he was driving at the time of the accident was one of the cars included in the policy contract. The policy of insurance was one unusual in its terms. It was not one where the premiums were paid for a specified period of time. Instead of the premiums being paid in advance on a time basis, premiums on this policy were to be paid on the first day of each month for the risks actually incurred during the preceding month. For each trip that incurred a risk, a charge of 20 cents was to be made. There were certain trips on which the company was to take no risk. One provision was that the policy should cover only such accidents occurring while any of the described automobiles were being driven for compensation paid or agreed to be paid by the party renting the car. Another exception was when the automobile was being driven or operated by a person under sixteen years of age. Whenever a car was rented, a rental agreement was made, setting out the name and address of the renter, the make and license number of the car rented, the date thereof, and indorsements were made thereon showing the exact time and date that the renter took the car, the mileage driven by him, the hour and minute he returned the car, and the rental charges therefor. Such a rental contract was signed by Donald Powers in the regular manner.

On the day following the accident, Wren notified a Mr. Aldrich, who was then and had been for ten years the branch manager of the appellant company and was located at Waterloo, Iowa. Mr. Aldrich had Mr. Wren make out a written report, and in about a week after the accident an adjuster of the appellant company came to Waterloo, investigated the accident, and learned that Donald Powers was under fifteen years of age. The information that Donald Powers was un-

der fifteen years of age was also given Mr. Aldrich, the branch manager.

Early in the month of October and not later than the 3d, the branch manager, Mr. Aldrich, called at Wren's place of business for the purpose of collecting the premiums for the month of September. Mr. Aldrich and Mr. Wren checked the rental agreements, and Mr. Wren paid to Mr. Aldrich 20 cents for each of the trips made during the month of September, including the trip made by Donald Powers, although at the time that Mr. Aldrich collected said money he and the appellant company knew that Donald Powers was not sixteen years of age. On October 27, 1929, demand was made of the appellant company for the damages caused by Mr. Wren's automobile, driven by Donald Powers, and on February 21, 1930, suit was brought by appellee against T. W. Wren on account of damages sustained by her. The appellant company refused to defend or to have anything to do with the case, but thereafter at the solicitation of Wren and Wren's attorneys, the appellant company agreed to assist in the defense of the action upon the condition that they were waiving no rights. Thereafter judgment was rendered in favor of the appellee, and against Wren, in the amount of $9,000 and costs. The premium collected by the insurance company for the trip made by Donald Powers was never returned or tendered back but has at all times been retained by the insurance company. After execution had been issued against the property of T. W. Wren and returned wholly unsatisfied, suit was brought by the appellee against the appellant company, a jury was waived, and the case was tried to the court as a law case. The court rendered a judgment in favor of the appellee in the sum of $5,000, that being the amount of the policy coverage, and it was from this judgment that the appellant company has appealed to this court.

I. The first error relied on by the appellant is that the court erred in not holding that the appellee's action was improperly brought and that section 8940 of the Code of Iowa gives the appellee no right or authority against the appellant. It is the claim of the appellant that it is the attorney in fact for the subscribers at a reciprocal or inter-insurance exchange, known as the State Automobile Insurance Association. That this exchange is organized, is created, has its being, is operating and existing under and by virtue of chapter 408 of the Code of Iowa. Section 8940 of chapter 404 of the Code of Iowa simply makes it mandatory that liability insurance

companies organized under chapter 404 of the Code provide such right to the injured party. It does not forbid the inclusion of a provision giving such right in policies of insurance in companies or associations organized under other chapters of the Code. The policy which the appellant company issued in the case at bar contained a specific provision permitting such action to be brought by the injured party. This provision is as follows:

"Should an execution on a final judgment against the assured in an action covered by this policy be returned unsatisfied, the judgment creditor shall have a right of action against the association to the same extent that the assured would have, had such assured paid such final judgment."

This court has held that a third party, for whose benefit a contract is made, has a right to bring an action on the contract. In Runkle v. Kettering, 127 Iowa 6, 7, 102 N. W. 142, it is said:

"The right of a party for whose benefit a contract of this kind has been made to maintain an action thereon is settled beyond controversy in this state."

In the case of In re Estate of Youngerman, 136 Iowa 488, at page 496, 114 N. W. 7, 10, 15 Ann. Cas. 245, the court said:

"This court has uniformly held that one for whose benefit a contract is made is the real party in interest as to an action for a breach thereof, regardless of whether the consideration proceeds from him or another."

So in the case at bar the appellant itself wrote into the contract the provision under which the injured party could bring an action against the insurer. Appellant now seeks to nullify this provision which it itself made a part of the policy. This it cannot do. The appellee had a right under the terms of the policy to commence her action, as she did.

II. The next proposition relied upon by the appellant for reversal is that the court erred in not holding that the policy contract sued on was one for indemnity for loss and not indemnity against liability.

In the case at bar the condition set out in the policy under which the insurer could be sued was as follows:

"Should an execution on a final judgment against the assured in an action covered by this policy be returned unsatisfied, the judgment creditor shall have a right of action against the association to the same extent that the assured would have, had such assured paid such final judgment."

The case of Schmid v. Automobile Underwriters, 215 Iowa 170, 244 N. W. 729, 85 A. L. R. 4, was one in which the policy provided that "no suit or action shall be sustainable in any court of law or equity for the recovery of any claim for loss under this contract unless brought by the assured himself or his legal representatives." In its analysis of the facts and the law of that case the court discussed what the effect would have been had the policy contained a provision, as in the instant case, permitting action to be brought by the injured person after execution against the property of the assured had been returned unsatisfied and held that in such case it transferred an indemnity policy into a liability policy and specifically overruled any statement in the Zieman case, 214 Iowa 468, 238 N. W. 100, to the contrary. Because appellant has referred to the Zieman case in its brief, we call attention to the words of the court, "Wherefore that portion of the Zieman case hereby is repudiated and overruled." Schmid v. Automobile Underwriters, 215 Iowa 170, 244 N. W. 729, 85 A. L. R. 4.

III. The next proposition relied upon by the appellant is the fact that the court erred in holding the appellant had waived any right through the acceptance of premium alleged to have been paid. The record shows that at the time the appellant accepted the premium it had full knowledge of the age of the boy who rented and drove the car involved in the accident, and knew that said boy was not of the required age specified in the policy. The insurance policy was one in which the premium was paid on the first of each month. At stated monthly periods Mr. Aldrich, who was the branch manager of the appellant company at Waterloo, Iowa, would call at Mr. Wren's office to ascertain the number of trips made during the preceding month. The policy provided as follows:

"It is understood and agreed that the premium for the policy shall be based on a charge of twenty cents for each trip made by each of the within described automobiles during the term of this policy. It is further understood and agreed that on the first day of each calendar month during the term of this policy beginning July

1, 1929, the assured shall report to the association the number of trips made by each of the said within described automobiles during the preceding month, within the term of this policy, and at the same time shall pay to the association the earned premium for said month."

The record not only shows Mr. Aldrich, the branch manager, had notice that Donald Powers, the renter and driver of the car, was under the age of sixteen. The record also shows that Mr. Hyland, who was the adjuster the appellant company sent to investigate the claim at the time Mr. Wren notified the appellant company that a claim was being made against him, also had knowledge and had communicated this to the home office of the appellant company. Mr. Hyland, the adjuster, at the time he was in Mr. Wren's office in the month of September, had examined the rental agreement and the record of the trip made by Donald Powers. There can be no question from the record but that at the time the appellant company collected the premium covering the trip made by Donald Powers, it knew the said Donald Powers was under fifteen years of age, and knowing that it collected the premium for that trip and has since retained said premium.

The rule, as stated in Corpus Juris in reference to payment or retention of premiums, is as follows:

"As in the case of contracts of insurance generally insurer may be precluded from relying on a ground for avoiding a liability insurance policy by receiving and retaining a premium with knowledge of the facts, as for example, where insurer seeks to avoid liability on the ground that the injury on which the loss is based is not within the terms of the policy, on the ground that an employer's liability policy expired before the loss in question occurred, because the pay roll of insured had exceeded a certain amount, where insurer had received the additional premium to cover such excess with full knowledge of all the facts, including the fact that the loss had occurred." 36 C. J. p. 1076.

This court in Cooper Wagon & Buggy Co. v. National Ben Franklin Ins. Co., 188 Iowa 425, at page 437, 176 N. W. 309, 314, said:

"The waiver was complete when it was affirmatively shown to the satisfaction of the jury that Ruff had knowledge that the plaintiff was carrying insurance in companies not authorized to do busi-

ness in Iowa at the time the policy was issued and the premium paid."

In the case of Neiman v. City of New York Insurance Company, reported in 202 Iowa 1172, at page 1178, 211 N. W. 710, 712, this court said:

"It is held that an unconditional demand for past-due premium waives a provision of the policy that the insurer should not be liable for a loss occurring while any part of the premium was past due and unpaid. Limerick v. Home Ins. Co., 150 Ky. 827, 150 S. W. 978, 44 L. R. A. (N. S.) 371; Security Life & Ann. Co. v. Underwood (Tex. Civ. App.) 150 S. W. 293. See, also, 26 Corpus Juris 323, 325.

"Whether it be considered that, with knowledge, through its agent, of the transfer to appellee, the appellant demanded the payment of an unpaid portion of the total premium, or retained the premium previously paid in full, the effect would be the same. It thereby treated the policy as a binding and valid contract.

"It is clear, under the doctrine of the authorities cited and the undisputed facts, that the appellant, by accepting payment of a portion of the premium and demanding payment of the balance, or failing to return the unearned portion of what had been paid, with knowledge of previous transfers of the title, recognized the validity of the contract, and must be held to have waived the right to now insist on its invalidity because of such transfers."

Thus, in the case at bar the appellant insurance company, knowingly having collected and retained the premium from Wren, which it had no right to collect and retain except by virtue of the contract, it will be deemed to have affirmed the contract and to have assumed the liability thereof. It is true that the amount accepted by way of premium in this case is not large. It was but 20 cents. But, this was the amount of the premium which the appellant company fixed as the charge they would make under the terms of the contract they entered into with Wren, and by the acceptance of the amount of the premium, to wit, the sum of 20 cents, after it had knowledge that the driver of the car, Donald Powers, was under the age of fifteen years, it could not then come in and claim that it was not liable on the policy.

IV. Appellant company also claims that the lower court was

in error in holding there was any waiver for the reason that under the policy contract the appellant was entitled to payment of the premium and waiver has no proper place in the case; that the premium was entirely and completely earned; and that denial of liability because of violation of the policy does not require either the return of the premium or bar its acceptance. Certainly the appellant cannot be permitted to receive the benefit of the policy by accepting and retaining the premium, with knowledge of the facts, and yet be relieved of the liability under the contract. The trip that was made and for which the premium was charged and collected in this case, was the trip made by Donald Powers, a boy under sixteen years of age. It was not the renting of the car to a customer that gave rise to the right to collect a premium; it was the risk of liability, because of the trip itself, that constituted the consideration for such premium. The policy which the appellant company wrote in this case was not one where it was paid for a specified period of time and which covered liability during said period. It was of a different character. Instead of the premium being paid on a time basis in advance for the policy, the premiums were paid on this policy the first of each month for the risks actually incurred during the preceding month. For each trip that incurred a risk a charge of 20 cents was made. Each trip stood separately, by itself, and was charged for separately, by itself. There was no blanket coverage. The policy excluded certain liabilities. First, it provided there would be no liability on the part of the company in the following case:

"It is further understood and agreed that this policy shall cover only such accidents occurring while any of the within described automobiles is being driven for compensation, paid or agreed to be paid by the assured."

The policy also contained the clause that the company would not be liable "while cars were being operated by any person under sixteen years of age." In the case at bar there is no dispute that Donald Powers did pay compensation to Mr. Wren, the assured, for the privilege of driving the car. There is no dispute that Donald Powers was under sixteen years of age at the time he drove the car. Unless there was a liability connected with the driving of the car by this boy, there was no risk by the company and no premium earned for which it should be paid. The policy itself provided that it was

only "earned premiums" that could be collected. At the time the appellant company made the collection for the premiums earned in September, no claim had been made against it by the injured woman. The insurance contract was not void but only voidable because of the driver being under the required age.´ The appellant company could avoid the policy and forego the premium, or it could waive the condition and accept the benefits of the policy in the way of the premium. The appellant company saw fit to waive the condition and accepted the benefits of the policy by accepting the premium, and it cannot now, after accepting and retaining the benefits, repudiate its liability.

█ V. During the trial of the original case of the appellee against Mr. Wren for damages suffered by her, the appellant company employed counsel to assist in defense of the suit so brought against Mr. Wren. The services of such counsel were paid for by the appellant insurance company. At the time of such employment of counsel, an agreement was entered into between the appellant company and Mr. Wren, which agreement was introduced in evidence as defendant's Exhibit 1. It is now the claim of the appellant company ·that the said agreement, Exhibit 1, was a complete defense to the right of the appellee to recover in this action. The important part of the agreement, defendant's Exhibit 1, is as follows:

"It being the intention of the parties hereto that first parties (Mr. Wren) shall acquire no other or further rights nor that second parties (the insurance company) shall lose or relinquish any rights because of aiding in the defense as aforesaid, and that the first parties shall not waive any rights against second parties."

It appears from the agreement itself that the sole and only purpose for entering into the said agreement was that the act of the insurance company in employing counsel to assist in defense of the suit should not be deemed a waiver of any right of the insurance company, and that the act of Mr. Wren in signing the agreement should not be deemed a relinquishment of any right he might have. The language of the paragraph which is herein quoted from the said agreement is, in our judgment, conclusive of the intention of the parties, and it referred solely to the act of employing counsel, and referred in no way to any waiver that might have resulted from the acceptance and retention of the premium.

The appellant also claimed that Wren was indebted to the ap-

672

pellant company and that the appellant company had a right to apply said payment, to wit, the sum of 20 cents, on other existing indebtedness. We have made a careful search of the record and we do not find any evidence of any other indebtedness owed by Wren to the appellant company.

There are other errors that appellant raises, all of which have been carefully considered by the court. There appears no error in this record that would justify this court in reversing the lower court. The judgment of the lower court must be, and it is hereby, affirmed.

ALBERT, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.