- Bank v. Hoffman.

No. 21,289.

THE FIRST NATIONAL BANK OF HAMILTON, *Appellant*, v. THEO-
DORE F. HOFFMAN and GRACE A. HOFFMAN, *Appellees*.

SYLLABUS BY THE COURT.

1. BANKRUPTCY—*Discharge as Affecting Debts and Chattel-mortgaged
Property of Bankrupt.* The maker of notes gave a chattel mortgage
to secure their payment, and afterward filed a petition in bank-
ruptcy. The holder of the notes procured their allowance as a claim
against the estate of the bankrupt. All the property covered by the
chattel mortgage, except certain exempt property, was sold by the
trustee under an agreement between the trustee, the bankrupt, and
the holder of the notes. The bankrupt was finally discharged, al-
though the notes were not paid in full. *Held*, that the discharge re-
leased the bankrupt from further payment on the notes, and released
all the unsold mortgaged property from the lien of the chattel mort-
gage.

2. SAME—*Discharge as Affecting a Co-debtor.* A discharge in bank-
ruptcy does not release a co-debtor with, or surety for, the bankrupt
from liability on a debt, unless that debt has been paid.

Appeal from Greenwood district court; ALLISON T. AYRES,
judge. Opinion filed February 9, 1918. Affirmed in part and
reversed in part.

*Howard J. Hodgson*, of Eureka, for the appellant.
*O. C. Zwicker*, of Eureka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to re-
cover from Theodore F. Hoffman the possession of two horses
and a cow, and to recover a personal judgment against Grace A.
Hoffman for $94.55, the balance due on a promissory note for
$268.75. Judgment was rendered in favor of the defendants,
and the plaintiff appeals.

The defendants were husband and wife. They executed two
notes to the plaintiff; one for $268.75, the other for $130.90.
To secure the payment of the notes, the defendants executed
a chattel mortgage on personal property owned by Theodore F.
Hoffman, among which personal property were the two horses
and the cow. Both notes provided for interest at ten per cent

30—Kan.—1778

per annum from November 13, 1914. After the notes and chattel mortgage had been executed, Theodore F. Hoffman filed a petition in bankruptcy. The plaintiff procured the allowance of the notes as a claim against the bankrupt. The property which belonged to the bankrupt estate was advertised for sale, but the trustee was directed by the referee in bankruptcy not to sell any exempt property. All the personal property owned by Theodore F. Hoffman, including that which was exempt, was covered by the chattel mortgage held by the plaintiff. On the day that the property was advertised for sale, the plaintiff, the defendant Theodore F. Hoffman, and the trustee in bankruptcy entered into a contract which provided that the trustee should sell enough of the property to pay the full amount of the plaintiff's claim and the costs. Property was then sold from which $468 was realized. The two horses and the cow involved in this action were not sold; they were claimed by Theodore F. Hoffman as exempt from sale under execution. The proceeds of the sale were reported by the trustee in the bankruptcy proceeding, were turned into that proceeding, and were paid out in that proceeding. The expenses were about $160. The plaintiff received $307, part payment on its claim.

Theodore F. Hoffman was finally discharged by the following judgment entered by the United States district court:

"Whereas, T. F. Hoffman, of Neal, Kansas, in said district has been duly adjudged a bankrupt, under the Act of Congress relating to bankruptcy, and appears to have conformed to all the requirements of the law in that behalf, it is therefore ordered by the court that said T. F. Hoffman be discharged from all debts and claims which are made provable by said act against his estate, and which existed on the 4th day of May, A. D. 1914, on which day the petition for adjudication was filed by him, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

The plaintiff received no notice of the hearing of the application for a final discharge. The defendants set up the judgment of discharge as a bar to the present action. The judgment of the trial court in the present action contains the following:

"That the said matter has been settled in the United States Court at Fort Scott, Kansas, in a proceeding in bankruptcy, heretofore had, prior to the bringing of this action, wherein the said Bank, the plaintiff herein, filed its claim in that court against the defendant and received full and complete satisfaction thereon, and that the same was paid by

the proceedings in bankruptcy, in Case No. 755 on file in the District Court of the United States, Third Division of Kansas, and that the defendant received his final receipt or discharge from that court, No. 755, and that the court finds from the evidence herein adduced that the plaintiff sold about $465.00 worth of the defendant's property under the chattel mortgage sued upon in this action, through the trustee and receiver in bankruptcy, to satisfy their claim of $400.35 and interest, retaining the balance for their expenses under said chattel mortgage."

1. What is the effect of the judgment of discharge in the bankruptcy proceeding? The answer to this question is found in the federal statute, which reads:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts."   (30 U. S. Stat. at L., p. 550, ch. 541, § 17.)

In *Audubon v. Shufeldt*, 181 U. S. 575, 577, the court said:

"The Bankrupt Act of 1898, provides in § 1, that a 'discharge' means 'the release of a bankrupt from all his debts which are provable in bankruptcy, except such as are excepted by this act.'"

The plaintiff procured the allowance of its claim against the bankrupt, and submitted to the United States district court its right to recover on the notes and its right to the possession of the property under the chattel mortgage. That court allowed the claim, accepted and approved the report of the trustee in bankruptcy, directed the disposition of the proceeds arising from the sale, and finally discharged the bankrupt. The plaintiff agreed that the trustee in bankruptcy should sell enough of the mortgaged property to pay the plaintiff's claim and the expenses of the bankruptcy proceeding. The proceeds of the sale were turned into the court and disbursed by the order of the court. If that was not done properly, the place to make the correction was in the bankruptcy proceeding. It may be that the discharge in bankruptcy was irregularly procured, but it is binding on the plaintiff. The plaintiff cannot question that discharge in this court. (Brandenburg on Bankruptcy, 4th ed., § 1524; 7 C. J. 417; 3 R. C. L. 314.)

So far as defendant Theodore F. Hoffman is concerned, the plaintiff cannot look to him for any further payment on either of the notes. The property mortgaged was owned by Theodore F. Hoffman, and his discharge released the property covered by the chattel mortgage from any lien that the plaintiff had to secure the payment of the notes. The judgment denying

the plaintiff the possession of the horses and the cow is affirmed.

2. There remains for discussion the liability of Grace A. Hoffman. She was not a party to the bankruptcy proceeding. She is not bound by the judgment rendered in that proceeding; neither is the plaintiff bound by that judgment so far as defendant Grace A. Hoffman is concerned. The federal statute reads:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." (30 U. S. Stat. at L., p. 550, ch. 541, § 16.)

(See, also, Brandenburg on Bankruptcy, 4th ed., §§ 1233, 1539-1543; 7 C. J. 409; 3 R. C. L. 341; *Failor v. Wehe*, 98 Kan. 325, 158 Pac. 74.)

The trial court did not specifically find that both the notes had been paid. The court construed the discharge in bankruptcy to be a cancellation of the debt as to both the defendants. That construction was erroneous. The debt was discharged as to defendant Grace A. Hoffman so far only as the debt had been paid. It appears from the evidence abstracted that $93.55 of the note sued on has not been paid.

The judgment as to Grace A. Hoffman is reversed, and judgment is rendered against her in favor of the plaintiff for $123.16 (principal $93.55 and interest $29.61) and for one-half of the costs.