Marjorie G. Rushing, Plaintiff, v. Commercial Casualty Insurance Company, Defendant.

First Department, December 28, 1928.

*John R. Bartels* of counsel [*Irwin L. Tappen* with him on the brief; *Humes, Buck & Smith,* attorneys], for the plaintiff.

*Theodore H. Lord* of counsel [*Daniel Mungall* with him on the brief; *Daniel Mungall,* attorney], for the defendant.

O'MALLEY, J. The plaintiff is seeking to recover from the defendant insurance company the amount of a judgment in her favor against one Maetta, the defendant's insured. Such judg-

ment by reason of the bankruptcy of the insured has become uncollectible and the plaintiff is claiming the benefits of a clause in the policy required by section 109 of the Insurance Law (as amd. by Laws of 1924, chap. 639), which provides: " No policy * * *" shall be issued * * *, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

The defense is based upon the grounds (1) that the insured breached the contract by failure to give immediate notice in writing of the accident, and (2) by failure fully to co-operate in the defense as required by the policy. In connection with its first defense it relies upon a writing described as " Exhibit D " attached to the stipulation of facts, in which the insured acknowledges a breach in respect to notice and relieves the defendant from all liability to him under the policy.

The plaintiff, a tenant of the insured, was injured on October 6, 1920, by falling down an unlighted stairway between the hours of sunset and sunrise. The defendant claims not to have received notice from the insured until October twenty-eighth, a period of twenty-two days after the accident. On November eighth following, it mailed to the insured written notice disclaiming liability on the ground that the notice was not timely.

It is asserted by the defendant that a delay of twenty-two days in giving notice constituted a breach of the policy as a matter of law. But the difficulty with its position is that there is no agreement between the parties on this essential fact. It is stipulated simply that the insured gave notice to the broker on October twenty-sixth and that the defendant received notice from the broker on the twenty-eighth. Nothing appears to show when the assured had notice of the accident, except a recital in " Exhibit D " already referred to and hereafter to be considered more in detail. The stipulation expressly provides that the plaintiff does not admit the truth of the recitals in such exhibit. It is obvious that the insured could not be expected to send notice until he himself knew of the accident. Moreover, the record discloses that he did not see

the accident and was not present when it occurred. So far as appears, therefore, there is nothing to show but that the notice was timely, and the defense based upon a breach in this respect is not available.

We now come to a consideration of " Exhibit D " already mentioned. The plaintiff's action against the insured was begun May 9, 1921. Thereafter and on May 26, 1921, the insured signed " Exhibit D," which was prepared by the defendant. This recited the accident to the plaintiff and knowledge thereof on the part of the insured on the day of its occurrence; the fact that he did not report it until October twenty-sixth, and that defendant received no notice until the twenty-eighth; defendant's assertion that such failure constituted a breach of the policy and the assured's concession of such breach; defendant's previous disclaimer of liability; the commencement of plaintiff's action and the desire of the insured to have it defended. Then followed defendant's agreement to defend the suit in the name of the insured without cost to him, but without further liability to the insured or others for any sum paid in settlement or by way of judgment recovered, and a further concession on the part of the insured that the defendant was not liable under the policy in any respect.

It is already noted that the truth of the recitals in this instrument with respect to notice to the defendant by the insured are not conceded by the plaintiff. They may not, therefore, be considered as establishing the date when the insured learned of the accident. The effect of the instrument on the rights of the plaintiff is, however, to be considered and determined.

Defendant urges that its effect is to entirely relieve it from liability to the plaintiff; the latter, that it is a nullity so far as her rights in the premises are concerned. In addition the plaintiff seeks to invoke the rule of waiver by estoppel. This asserted right is based upon the fact that she was ignorant of the existence of the agreement of release between the defendant and the insured and proceeded to judgment in reliance upon the defendant's implied representation through its physician, who examined her before her action was instituted, and the subsequent conduct of all proceedings on behalf of the insured including the trial, that it was interested in the litigation and would be liable to the plaintiff in the event that the insured proved to be financially irresponsible.

We think that the principle of estoppel may not be applied for the reason that there is nothing to show that the plaintiff changed her position. So far as it appears, she would have proceeded to judgment against the insured in any event. But her claim that the defendant's release by the insured cannot affect her claim, rests on

firmer ground. No doubt such agreement would bind the insured, but can have no such effect so far as the plaintiff is concerned.

Section 109 of the Insurance Law is the measure of both plaintiff's right and defendant's obligation. " By express provision of the statute, the action is to be ' maintained by the injured person * * * against such corporation under the terms of the policy.' " (*Coleman* v. *New Amsterdam Casualty Co.,* 247 N. Y. 271, 275.) The statute makes the criterion of liability " the terms of the policy." As was said in the last case quoted, " If the terms could be disregarded, insurers would be helpless to defend themselves against chicanery or covin." The defendant here seeks to avoid recovery under " the terms of the policy " by setting up a release executed by the insured. It does not rely upon a defense extended by the terms of the policy itself, but upon an agreement dehors the policy. Such a defense, we think, is excluded not only by the specific language of the statute itself, but also by the policy behind its enactment. The very terms of the statute which protect insurers against chicanery or covin offer similar protection to the plaintiff against possible connivance between insurer and insured. The insurer may defend on the ground of failure to give prompt notice and to co-operate, because the policy itself imposes such duties upon the insured. But it may not rely upon a release after the acts because such a defense does not arise under the terms of the policy.

In a case of this character we must consider the defense interposed in the light of the remedial character of the statute and scrutinize it accordingly. (*Merchants Mutual Automobile Liability Ins. Co.* v. *Smart,* 267 U. S. 126; *Roth* v. *National Automobile Mutual Casualty Co.,* 202 App. Div. 667, 670.)

It is to be noted here, too, that the agreement relied upon does not purport to relieve the defendant from all liability or to constitute a full disclaimer. The defendant still obligated itself to undertake the defense of the action at its own expense. The legal results are to be tested by its conduct, not by its disclaimer of the consequences thereof. (*Miller* v. *Union Indemnity Co.,* 209 App. Div. 455, 457.)

There remains the question whether the conduct of the insured was such a refusal to co-operate as to vitiate the policy. We are satisfied it was not. The insured fully co-operated until within two weeks of the trial. He made " a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense." (*Coleman* v. *New Amsterdam Casualty Co., supra,* 276.) He frankly told the defendant that he had failed to keep the stairway lighted as required by

statute. His removal to California was in no way prejudicial, since his testimony could not possibly help the defendant. Moreover, he had not been notified of the exact date when the case would be called and it is not claimed that he secreted himself.

It follows that judgment must be directed for the plaintiff.

DOWLING, P. J., FINCH, McAVOY, and MARTIN, JJ., concur.

Judgment directed for plaintiff. Settle order on notice.