EMPLOYERS' LIABILITY ASSURANCE, etc., Plaintiff, *v.* WEAREVER WOOD PRODUCTS CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, February 26, 1929.

—————— ————, for the plaintiff.

—————— ————, for the defendant.

SULZBERGER, J. The insurer contends that the insured violated the indorsement contained in the policy of insurance by permitting one Williams to drive the truck in place of one Neal, and that notice of such substitution was not furnished to the insurer within ten days thereof, as provided by the terms of the policy; that by reason of the violation as aforesaid the plaintiff is entitled to reimbursement in the sum of $400 paid to the infant.

The defendant claims there was no violation of the terms of the policy; that any payment made by the plaintiff was a voluntary one and with full knowledge of all the facts, thereby constituting a waiver of any violation of such terms, if in fact such violation was established.

The plaintiff introduced in evidence a statement signed by the chauffeur, Williams, marked " Plaintiff's Exhibit 3," dated August 21, 1926, stating he had driven the truck of the insured at the time of the accident, and that he had been in its employ for the past three months, and that Neal had not been employed by it for the past seven months.

Plaintiff further introduced a letter, marked " Plaintiff's Exhibit 4," which is dated November 1, 1926, and which letter called the defendant's attention to the violation of the terms of the policy; that the plaintiff denied liability therefor, and if it was called upon to pay any moneys as a result of the accident, it would look to the defendant for reimbursement. The letter further advises a settlement of the action and requests the defendant to inform the plaintiff whether it wished to handle it through its own counsel.

The action brought by the infant against the insured was settled by the insurer without notice to the former about April, 1927, and an order of discontinuance entered on or about May 1, 1927.

Thus, with a full knowledge of the facts showing a violation of the terms of the policy, the insurer appeared in the action and settled same, even after it had denied liability therefor.

The defendant relies upon the case of *Rosenwasser* v. *Globe Indemnity Co.* (183 App. Div. 882; and erroneously given by him as affirmed, 223 N. Y. 561, which should be 224 N. Y. 561) to defeat the plaintiff's recovery.

In that case the Court of Appeals affirmed an order of Special Term granting a motion for judgment on the pleadings in favor of the plaintiff insured against the defendant insurer. The complaint alleged an action had been brought against the insured for damages due to a collision with one of his automobiles. The papers were turned over to the insurer, which took full charge of the case with full knowledge of the violation by the insured of a similar provision in the policy as in the case at bar. The insurer arranged a settlement, but refused to reimburse the insured for the amount he was called upon to pay.

The court said (224 N. Y. 562) " that at the time the defendant [insurer] undertook defense of the action and arranged its settlement it knew plaintiff's car at the time of collision was not driven by the chauffeur named in the policy   *   *   *;   that by reason thereof it waived said provision of the policy and is liable to plaintiff."

In the case of *Miller* v. *Union Indemnity Co.* (209 App. Div. 455), cited by neither of the parties, the insurer, with full knowledge of the insured's false statements, undertook the defense of the action and appeared on behalf of the insured. A letter was written to the insured by the insurer stating it would conduct his defense,

but that the insured had violated the terms of the policy, and that all obligations on the part of the insurer had ceased thereby.

The court said (209 App. Div. 457): "When confronted with this situation, assuming that the alleged defense was valid, the defendant was put to an election. It could stand on its defense and refuse to go on, or it could abandon such defense and conduct the insured's side of the action. It could not do both. The choice of the latter course was inconsistent with the maintenance of a claim of no liability. (*Farrell* v. *Merchants Mutual Automobile Liability Ins. Co.*, 203 App. Div. 118; *Utterback-Gleason Co.* v. *Standard Accident Ins. Co.*, 193 id. 653; affd., 233 N. Y. 549.)"

There is no question of doubt that the terms of the policy were violated, but by its conduct and by appearing for and on behalf of the insured with full knowledge of such violation, it thereby waived any rights to reimbursement it had against the insured. It could not act on behalf of the insured and at the same time deny liability therefor.

" The legal results are to be tested by its conduct, not by its disclaimer of the consequences thereof." (*Rushing* v. *Commercial Casualty Ins. Co.*, 225 App. Div. 49, 53, citing with approval the *Miller Case, supra.*)

I hereby find and decide that after trial the defendant is entitled to prevail upon the merits.