No. 34,260

SEDAN STATE BANK, *Appellant*, v. L. C. STEPHENSON and JIMIE H. STEPHENSON, *Appellees*.

(92 P. 2d 1)

Opinion filed July 8, 1939.

*J. W. Dalton*, of Sedan, for the appellant.

*R. O. Robbins*, of Sedan, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action on a Missouri judgment. Defendants' answer pleaded their discharge in bankruptcy. Plaintiff's demurrer thereto was overruled. Hence this appeal.

Going somewhat into details, it appears that some years ago (the record is short on dates) defendants constituted a partnership in the business of farming in Chautauqua county. They contracted a partnership indebtedness to the plaintiff bank (amount not shown), for the evidence of which they executed to it a promissory note which they signed individually.

On April 21, 1934, that note was reduced to judgment in an action before a justice of the peace in Jackson county, Missouri. The amount of that judgment was $356.25, and it was to bear interest at the rate of ten percent per annum. On May 6, 1936, this judgment was filed for record in the circuit court of Jackson county, Missouri, according to the law of that state.

Sometime later this action on the judgment, which by some undisclosed process of arithmetic had amounted to $368.26, was begun in the district court of Chautauqua county. Plaintiff's petition alleged the pertinent facts as set out above.

In their answer defendants alleged that at and prior to the time they had given their promissory note to plaintiff they were engaged in a farming partnership; that the indebtedness evidenced by that note was incurred in their partnership business; but after the execution of that note and the rendition of judgment thereon as alleged by plaintiff—

"The defendants were duly and regularly discharged in bankruptcy by the United States district court for the western district of Missouri, western division, in a proceeding therein pending entitled as follows: 'In the matter of Leonard Coleman Stephenson and Jimie H. Stephenson d/b/a [as] Stephenson & Stephenson a partnership,' from all of their provable debts which includes the debt and judgment sued upon herein.

"That in said proceedings in said United States district court, the plaintiff herein duly filed a claim based upon the judgment indebtedness sued upon in this action, the same was duly allowed by said court and defendants discharged therefrom."

The trial court overruled plaintiff's demurrer to this answer, and the correctness of that ruling is the subject matter of this appeal.

Counsel for the litigants cite for our instruction a number of state and federal cases, including decisions of the United States supreme court. These we have studiously perused. (*Francis v. McNeal,* 228 U. S. 695; *Myers v. Internat. Trust Co.,* 273 U. S. 380; *Liberty Nat. Bank v. Baer,* 276 U. S. 215, 72 L. Ed 536.) These cases and contemporary law journal comment thereon make it clear that there may be an adjudication and a discharge of a partnership in bankruptcy without an adjudication that the partners individually are bankrupt. (37 Harvard L. Rev. 614-616; 29 Columbia L. Rev. 1134-1140; 30 Michigan L. Rev. 807, 808.)

Such a situation would or might arise wherever the theory of a legal entity of the partnership separate from its constituent personnel is emphasized. In some states a partnership is accorded a legal entity apart from its members. Illinois is decidedly to the contrary. (*Abbott v. Anderson,* 265 Ill. 285, 106 N. E. 782, L. R. A. 1915 F 668.) In this state we have not taken a positive stand on the question. In *Farney v. Hauser,* 109 Kan. 75, 198 Pac. 178, we said:

"While a partnership is not strictly a legal entity, for practical purposes it may be considered as a business entity. It has its own capital, its own assets and liabilities, and it has a commercial life and credit of its own, virtually though not technically independent of the members comprising it." (Syl. ¶ 2.)

However, in any case of partnership bankruptcy the nonexempt

estates of the individual partners may be drawn into the bankrupt partnership estate, in which case, in the absence of irregularities, common justice would seem to hold that the individual partners were entitled to their discharge in bankruptcy. (7 Remington on Bankrupty, § 3596; Gilbert's Collier on Bankruptcy, 4th ed., §§ 241-243, p. 146; *Armstrong v. Norris,* 247 Fed. 253; Annotations to Sec. 23 of the Bankruptcy Act, in U. S. Code Anno., Title 11, pp. 278-285 and 298-300.) See, also, our own cases of *Needham v. Matthewson,* 81 Kan. 340, 105 Pac. 436; *Bank v. Hoffman,* 102 Kan. 465, 171 Pac. 13, and citations; *Butler Bros. v. Twineham,* 134 Kan. 547, 7 P. 2d 531.

But we have no present need to study the purely legal aspects of this subject. Plaintiff demurred to the answer in which defendants specifically alleged that they had been duly and regularly discharged in bankruptcy from all their provable debts, including the debt and judgment sued on. They also alleged that plaintiff had filed a claim in the bankruptcy court based on plaintiff's judgment sued on, and that it had been allowed by that court and that "defendants [were] discharged therefrom."

Plaintiff's demurrer to this answer conceded the truth of its pertinent allegations. (Phillips on Code Pleading, 2d ed., §§ 83, 302; 49 C. J. 362, 444, 445, 21 R. C. L. 506.) Counsel for plaintiff says that its demurrer was based on the proposition that the bankruptcy of the partnership did not affect the liability of the appellees individually. That might or might not be correct as an abstract proposition. But to give countenance to that contention here would be to ask this court (or the trial court) to disbelieve the plain allegations of defendants' answer. Mayhap what defendants pleaded could not be supported by the record. If so, the way to have met their pleading was by a reply containing a general denial, or by a motion requiring them to set out in full the order of the bankruptcy court which should show beyond cavil whether or not defendants had been individually discharged from all their provable debts including the one sued on in this action. As the issue was joined, the judgment of the district court was undoubtedly correct and must be affirmed. It is so ordered.