BURLING, Respondent, vs. SCHROEDER HOTEL COMPANY,
Appellant: MASSACHUSETTS BONDING & INSURANCE
COMPANY, Interpleaded Defendant and Appellant.
[Three cases.]

*April 15—May 20, 1941.*

18

For the appellants there were briefs by *Shaw, Muskat & Paulsen,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake.*

For the respondent there was a brief by *Affeldt & Lichtsinn* and *Suel O. Arnold,* attorneys, and *Eldred Dede* of counsel, all of Milwaukee, and oral argument by *Mr. Geo. A. Affeldt* and *Mr. Arnold.*

MARTIN, J.   The plaintiff, H. R. Burling, hereinafter referred to as the "respondent," while a guest at the Schroeder Hotel, owned and operated by the Schroeder Hotel Company, on March 18, 1934, suffered an injury as the result of a fall on a stairway in the hotel.   An action for damages was brought against the Hotel Company and, on the trial, a special verdict was rendered in his favor.   On motions after verdict, the court changed one of the jury's findings and ordered judgment dismissing the action.   From the judgment so entered, plaintiff appealed.   This court reversed the judgment and remanded cause with directions to enter judgment for the plaintiff (see *Burling v. Schroeder Hotel Co.* 235 Wis. 403, 291 N. W. 810).

Prior to March 18, 1934, the appellant, Massachusetts Bonding & Insurance Company, hereinafter referred to as the "Insurance Company," had issued to the Hotel Company a policy of liability insurance, which was in force and effect at the time respondent sustained his injuries.   Among other provisions of the policy, the Insurance Company agreed to indemnify the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries and/or death, accidentally suffered or alleged to have been suffered, during the period of said policy, by any person

or persons not in the employ of the assured and occurring within and upon the premises, on which respondent suffered his fall and injuries, in an amount exceeding the amount of the judgment recovered by respondent against the Hotel Company. By the terms of its policy, the Insurance Company agreed, among other things, to serve the Hotel Company, upon notice of any bodily injuries or death by investigation of such injuries or death; to defend, in the name and on behalf of the Hotel Company, suits brought on account of such claims; to pay, in addition to damages, all expenses incurred for investigation, negotiation, or defense, all costs taxed against the Hotel Company in any legal proceedings defended by the Insurance Company and all interest accruing after entry of judgment on the part of such judgment for which the Insurance Company should be liable; and to pay for such immediate surgical relief as should be imperative at the time of the accident.

The policy further provided that the Hotel Company should not voluntarily assume any liability nor incur any expense except for such immediate surgical relief as should be imperative at the time of an accident, should not settle any claim without the written consent of the Insurance Company, except at the Hotel Company's own cost; nor should the Hotel Company interfere in any negotiation for settlement or in any legal proceeding, but should, whenever requested by the Insurance Company, aid in securing information and evidence and the attendance of witnesses, and should co-operate with the Insurance Company, except in a pecuniary way, in all matters which the Insurance Company might deem necessary in the settlement of any claim, the defense of any suit, or the prosecution of any appeal. The policy further provides:

"*Insolvency.* Bankruptcy or insolvency of the assured shall not relieve the company of any of its obligations hereunder. If any person or his legal representatives shall obtain final judgment against the assured because of any such

injuries, *and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause,* or if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto."

The policy further provides:

*"Action against company.* No action shall lie against the company to recover for any loss under this policy unless brought within two years after the amount of such loss is made certain either by judgment against the assured, after trial of the issue, or by agreement between the parties with the written consent of the company."

It appears that on September 15, 1934, the Hotel Company filed a voluntary petition in the United States district court for the Eastern district of Wisconsin for reorganization under sec. 77B (11 USCA, § 207) of chapter 8 of the Acts of Congress relating to bankruptcy. In its petition, the Hotel Company alleged that it was unable to meet its debts as they matured, that it desired to effect a plan of reorganization under and pursuant to sec. 77B of chapter 8 of the Acts of Congress relating to bankruptcy.

On May 24, 1935, respondent Burling filed a petition in the district court in which he asked leave of said court to commence an action against the Hotel Company to recover damages for the injuries sustained by him on account of the fall on the stairway above mentioned. In his petition to the court, respondent, among other things, alleged "that as petitioner is informed and believes said Schroeder Hotel Company was at said time insured against loss by reason of the injuries of any guest or frequenter of said hotel in the Massachusetts Bonding & Insurance Company." The Insurance Company was not joined in or in any manner a party to the reorganization proceedings. On May 19, 1937, an order was entered

by the district court in said reorganization proceedings, providing, among other things, as follows:

"It is further ordered that H. R. Burling be granted leave to bring suit against the debtor herein in any court of law of which he may be advised for the liquidation of the claim heretofore filed herein, and that on the liquidation of the said claim, if the same should result in the entry of a final judgment in favor of claimant, the said debtor is hereby ordered to make and transfer to the said Burling securities of the amount to which the said Burling would have been entitled as a general creditor if the said claim had been liquidated prior to entry of this decree, and that the debtor be discharged of the claim of the said Burling except of the obligation hereby imposed to transfer to the said Burling securities in accordance with the plan of reorganization heretofore approved."

On November 19, 1936, an order was entered in the district court confirming the report of the master on the plan of reorganization under sec. 77B. This order provided that general creditors should receive noncumulative, nonvoting preferred stock of the Hotel Company, and that upon the completion of the proceedings for reorganization, the title and ownership of all the property, real and personal, of the Hotel Company, be revested in it, and that the Hotel Company and such property be discharged of all claims, demands, debts, and liens of every kind whatsoever existing at the time of the filing of the petition in said proceedings.

Pursuant to the leave granted by the district court, respondent commenced his action against the Hotel Company in the circuit court for Milwaukee county on or about December 9, 1937. When the summons and complaint were served upon the Hotel Company, it immediately forwarded same to the Insurance Company, which company immediately investigated the facts and circumstances surrounding respondent's fall and injuries and retained Messrs. Shaw, Muskat & Paulsen, as attorneys, to appear in and defend said action for and on behalf of the Hotel Company; that said attorneys thereafter

appeared on behalf of the Hotel Company and conducted the defense of the action in the circuit court, and upon the appeal to this court, from the judgment of the circuit court. Said Insurance Company paid all the costs and expenses of the investigation and of the defense of said action.

The *remittitur* from this court after the reversal in *Burling v. Schroeder Hotel Co., supra,* was filed in the office of the clerk of the trial court, on July 10, 1940. On July 2, 1940, one of the attorneys for the appellant Insurance Company presented his affidavit to the circuit court for Milwaukee county, Judge KLECZKA presiding, in which affidavit he set forth the fact that the United States district court for the Eastern district of Wisconsin had made the order of May 19, 1937, granting respondent leave to bring suit; that said order provided that if same should result in a final judgment in favor of respondent, the Hotel Company should make and transfer to respondent securities of the amount to which he, respondent, would then be entitled as a general creditor if said claim had been liquidated prior to the entry of such decree; that the Hotel Company be discharged of respondent's claim except the obligation to transfer to respondent securities in accordance with the plan of reorganization approved by said district court; and that respondent was, by the terms of such district court decree, bound and required to receive such securities in satisfaction of the judgment ordered entered in said action by this court. Upon presentation of such affidavit, an *ex parte* order was issued requiring respondent to show cause on July 5, 1940, among other things, why he should not be restrained from entering any judgment until the rights of the parties with respect to the satisfaction of such judgment should be determined as prayed for in said affidavit. In and by said order, respondent was restrained from taking any action or proceedings for the entry of judgment until the return upon said order to show cause.

On the return day, July 5th, said restraining order was, on the *ex parte* application of respondent, vacated and set aside. On or about July 12th, notice of the filing of the *remittitur* from this court and that respondent would, on July 22, 1940, move for entry of judgment pursuant to the mandate of this court, was served upon the Hotel Company. On July 22d, the circuit court, Judge OTTO H. BREIDENBACH presiding, upon respondent's aforesaid motion, ordered judgment entered in favor of respondent against the Hotel Company pursuant to the mandate of this court for the sum of $9,774.55, damages and costs. It further appears that on said 22d day of July, and subsequent to the entry of judgment aforesaid, the Insurance Company's attorneys presented another affidavit to the circuit court, reciting in substance the matters as set forth in the affidavit as presented on July 2d, upon which affidavit, said attorneys obtained an order requiring respondent again to show cause on July 24, 1940, why he should not be restrained from taking any action or proceedings for the collection of such judgment until the rights of the parties with respect to the proper mode and method of satisfying said judgment should be determined, and why said judgment should not be satisfied upon the presentation of the securities contemplated by the decree of the United States district court. In and by this order, respondent was temporarily restrained from levying execution upon the judgment.

Upon the hearing of the last above-mentioned order, the court made an oral order restraining respondent from taking any proceedings to collect the judgment upon condition that the Hotel Company deposit with the clerk of the circuit court a certified check, or cash, in the sum of $12,000, to insure payment of any and all damages, including attorneys' fees, resulting from such restraining order, and referred said order to show cause to that branch of the circuit court presided over by Judge AARONS, before whom said action was tried for final

disposition on September 9, 1940. No deposit of the $12,000 was made by or on behalf of the Hotel Company and no written order covering the provisions of the oral order was entered. On July 26th an affidavit was filed on behalf of the Hotel Company setting forth, among other things:

"That the Massachusetts Bonding & Insurance Company heretofore issued a policy of insurance to indemnify the defendant named in the above-entitled action against loss from any liability imposed by law, which policy was in full force and effect at the time of the accident referred to in the pleadings in the instant action, and that the Massachusetts Bonding & Insurance Company defended the above-entitled action on behalf of the Schroeder Hotel Company."

And it further states:

"That the defendant, as well as the Massachusetts Bonding & Insurance Company, each take the position that the policy of insurance was purely one of indemnity and that the defendant is entitled to a discharge of any judgment and to have the same satisfied pursuant to section 270.93 of the Wisconsin statutes upon duly depositing with the clerk of the circuit court certain stock certificates."

Upon filing this affidavit, another order was obtained from that branch of the circuit court presided over by Judge BREIDENBACH requiring respondent again to show cause on July 27, 1940, why the judgment entered should not be satisfied and discharged by reason of the tender of certain shares of stock of the Hotel Company and why such judgment should not be vacated. Service of this order was not made upon respondent or his attorneys. At the time of obtaining this order, a further *ex parte* order was obtained directing the clerk to take and accept, subject to the order of respondent, one certificate for ninety-eight shares of convertible capital stock of the Hotel Company and, upon the deposit of such share, to give respondent a certificate showing the date and amount of the deposit and immediately to note upon the docket

of the judgment in said action and upon the margin of the judgment journal, the amount, date, and nature of said deposit. The Hotel Company thereafter deposited with the clerk a certificate evidencing said shares of stock, whereupon the clerk noted the amount, date, and nature of such deposit upon the docket of the judgment and upon the margin of the judgment journal. Notice of such deposit was given to respondent and his attorneys. On August 1, 1940, respondent by letter rejected said shares of stock and stated that he refused to accept them in discharge or in satisfaction of his judgment.

On August 2d, upon application of respondent, the circuit court, Judge GEHRZ presiding, issued an order requiring the Hotel Company to show cause why the restraining order obtained by the Hotel Company on July 22d should not be vacated and set aside. This order to show cause was supported by an affidavit stating, among other things, that the Hotel Company had declined and failed to comply with the order to deposit, with the clerk of the court, the certified check or cash as ordered by Judge BREIDENBACH on July 24th. After hearing on this order to show cause, the court, on August 28th, Judge GEHRZ presiding, on its own motion, entered an order making the Insurance Company a party to said action for the purpose of motions then pending or that might thereafter be instituted. On September 9th, the Insurance Company appeared specially, objecting to the jurisdiction of the court, and on the ground of insufficiency of process, moved to quash the order making it a party to said action.

Thereafter, on September 18th, the court entered an order denying the application of the Hotel Company to compel respondent, or to direct the clerk of said court, to satisfy such judgment upon the tender to respondent, or on the deposit with the clerk of the shares of stock of said Hotel Company, and vacating the order issued by Judge BREIDENBACH on July 22d restraining respondent from levying execution upon the judgment, and granting respondent leave to issue execu-

tion. In and by said order, the court found that the value of the stock in said Hotel Company, which was offered to the respondent and subsequently deposited with the clerk of court, was not in excess of $20 per share or the total sum of $1,960. It is from this order, entered on September 18, 1940, that the Hotel Company prosecuted the appeal in case No. 92 above.

Execution was thereafter issued upon said judgment, which execution was, on September 20, 1940, returned by the sheriff wholly unsatisfied.

On September 27th, the Insurance Company again appeared specially before the court and again moved to quash the order entered on August 28th making it a party to said action, and to set aside and vacate all proceedings subsequent to the entry of such order so far as it was concerned. On September 30th, the court entered an order denying such motion, from which last-mentioned order the Insurance Company appealed, said appeal being case No. 93 above.

After the execution was returned unsatisfied, the respondent on or about September 26, 1940, commenced an action in the circuit court against the Insurance Company for the purpose of recovering the amount of the judgment entered against the Hotel Company in the circuit court, and also the amount of the judgment entered in this court for costs upon appeal in *Burling v. Schroeder Hotel Co., supra.* In his complaint, respondent alleged the existence and issuance of the insurance policy, the recovery on July 22, 1940, of judgment against the Hotel Company in the circuit court for $9,774.55, the return of execution unsatisfied, that more than thirty days had elapsed since said judgment was entered, and that the same was not, nor was any part thereof paid. In the second cause of action, the respondent alleged the recovery by him of judgment in this court against the Hotel Company for costs on the original appeal, in the sum of $509.40, that more than thirty days had elapsed since said judgment was entered, that no part thereof had been paid, and that the Insurance Company

was, by virtue of the provisions of its policy, liable to respondent for the amounts so owing upon said judgments.

The Insurance Company in its answer admitted the existence of such policy of insurance, that it had, pursuant to the provisions of said policy, investigated the accident, assumed charge and control of the defense of the action, retained attorneys for that purpose, and defended said action both in the circuit court and on appeal to this court. It pleaded as a defense that respondent was, by the terms of the order of the United States district court and the reorganization proceedings of the Hotel Company, bound and required to take and accept, in satisfaction of such judgment, shares of stock of the Hotel Company of the kind which such decree ordered the Hotel Company to issue to its general creditors. Thereafter, on December 26, 1940, the circuit court, Judge AARONS presiding, granted respondent's motion for summary judgment, and on December 27th, judgment was, pursuant to said order, entered in respondent's favor and against the Insurance Company for the sum of $10,664.97, damages and costs. It is from that judgment that the Insurance Company appealed in case No. 152 above.

In the three separate appeals there is involved a common issue, namely, whether the respondent is obliged to satisfy his judgment against the Hotel Company by accepting the securities, the corporate stock of the Hotel Company, which was tendered him and refused. This issue raises several questions: (1) What effect has the federal court order of May 19, 1937, upon the respondent's right to pursue the insurance carrier for satisfaction of his judgments against the hotel company? (2) What effect has the order of the federal court approving the reorganization of the Hotel Company under sec. 77B of the Bankruptcy Act upon respondent's right to pursue the insurance carrier for satisfaction of his judgments? And (3) Has the respondent a right of action directly against the Insurance Company under the provisions

of its policy issued to the Hotel Company, and under sec. 204.30 (1), Wis. Stats., to recover the amount of his judgment against the Hotel Company rendered in the circuit court and the amount of his judgment for costs rendered in this court on appeal from the judgment originally rendered in the circuit court?

The federal court order of May 19, 1937, hereinbefore quoted, directed that if the respondent's claim resulted in a final judgment against the Hotel Company, it should make and transfer to the respondent, securities of the amount to which he would have been entitled as a general creditor of the Hotel Company had his claim been liquidated prior to the entry of said order. It further provided that upon the transfer of such securities the Hotel Company be discharged of respondent's claim. This order does not adjudicate any right which the respondent might have under the insurance policy. Nor does it extinguish the debt due respondent on his judgments against the Hotel Company. It only affords the Hotel Company a legal defense to an action on the debt. In *Winter v. Trepte,* 234 Wis. 193, 198, 290 N. W. 599, speaking of the effect of a discharge of a corporate debtor in a reorganization proceeding under sec. 77B, upon the liability of a guarantor, the court said:

"The reasons underlying this rule are that the entire matter is subject to the control of the bankruptcy court and intended for the relief of insolvent debtors who are the only ones to be discharged, and that whatever is done to the debt is done by operation of law *and does not constitute a release by the creditor.* The debt itself is not extinguished. *The discharge of the bankrupt forms a personal defense to him against further limitation on the debts declared upon in the bankruptcy proceedings.* Being but a personal defense, it is not available to anyone else. Starting with the admitted fact that in bankruptcy the guarantor or surety is not discharged by the release of the bankrupt, it follows that in the absence of payment no release of the guarantors can be claimed. This is

because the creditor does as he is required to do under the provisions of the law. Whatever results were produced by the reorganization proceedings were accomplished by operation of law and not by the voluntary act of the creditor." See cases cited.

To the same effect see *France v. Sullivan,* 223 Wis. 477, 480, 271 N. W. 42; *Way v. Barney,* 116 Minn. 285, 133 N. W. 801, 38 L. R. A. (N. S.) 648; *Hamilton First Nat. Bank v. Hoffman,* 102 Kan. 465, 171 Pac. 13; *Levy v. Barley,* 211 Ill. App. 498; *Federal Nat. Bank v. Koppel,* 253 Mass. 157, 148 N. E. 379, 40 A. L. R. 1443; 6 Am. Jur. p. 802, § 484; and cases cited in USCA, title 11, p. 143, § 34.

Sec. 34, USCA, title 11, p. 143, relating to bankruptcy which is applicable to proceedings under sec. 77B of the Bankruptcy Act, provides:

"The liability of a person who is a codebtor with, or guarantor *or in any manner a surety for,* a bankrupt shall not be altered by the discharge of such bankrupt."

The proceeding under sec. 77B in the matter of the reorganization of the Schroeder Hotel Company only involved that company and its creditors. In that proceeding the federal court would have no jurisdiction to abrogate a right which a creditor of the Hotel Company had against a third party who was not a party to the reorganization proceedings.

The appellant Insurance Company contends that its only responsibility under the policy of insurance was to make restitution to the Hotel Company. This contention cannot be sustained. The provisions of the policy quoted herein specifically provide that bankruptcy or insolvency of the assured, the Hotel Company, shall not relieve the Insurance Company of any of its obligations under the terms of the policy, and further provides that "if any person or his legal representatives shall obtain final judgment against the assured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency *or any other*

*cause, or if such judgment is not satisfied within thirty days after it is rendered,* then such person or his legal representatives may proceed against the company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto." This provision was made a part of the policy so as to comply with the provisions of sec. 204.30 (1), Stats., which provides :

"No policy of insurance against loss or damage resulting from accident or injury to a person, and for which the insured is liable, or against loss or damage to property caused by animals or by any motor vehicle, and for which the insured is liable, shall be issued or delivered in this state unless it shall contain a provision that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injury sustained or loss occasioned, and that in case execution, in an action brought upon the policy against the insured, is returned unsatisfied, then an action may be maintained against such insurer for the amount due on the judgment not exceeding the amount of the policy."

In *Stone v. Inter-State Exchange,* 200 Wis. 585, 586, 229 N. W. 26, the plaintiff had recovered a judgment against the insured Furchtenicht for injuries. Execution was returned unsatisfied. Plaintiff then commenced an action against the insurance company which had issued a policy insuring defendant "against money loss by reason of his legal liability to others for bodily injuries accidentally sustained, including death at any time, resulting therefrom on account of any accident due to the use by himself, employee, or member of his family, of any automobile described in this policy, subject to the conditions of this policy." At page 590 the court said :

"By virtue of sec. 85.25 the plaintiff could have joined the Inter-State Exchange as a party defendant in his original action against Furchtenicht. However, having in that action recovered judgment upon which an execution has been returned unsatisfied, plaintiff now is also entitled, under sec. 204.30, to maintain this action directly against the Inter-State

Exchange, and, by reason of an express provision in that section, the bankruptcy of Furchtenicht has not released the insurer from the payment to the plaintiff of his damages for the injuries sustained by him."

To the same effect see *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87; *Merchants' Mutual Automobile Liability Ins. Co. v. Smart,* 267 U. S. 126, 45 Sup. Ct. 320, 69 L. Ed. 538; *Foust v. Munson S. S. Lines,* 299 U. S. 77, 85, 57 Sup. Ct. 90, 81 L. Ed. 49, 56; and *Brustein v. New Amsterdam Cas. Co.* 255 N. Y. 137, 174 N. E. 304, 305.

In 44 Harvard Law Review, p. 470, with reference to a case involving facts similar to those in the instant case, it is said:

"Clauses in indemnity policies which, as here, provided against the insured's insolvency, have been construed to make the instruments liability policies and to constitute an injured party the beneficiary thereof." Citing *Eagle Indemnity Co. v. Diehl* (9th Cir.), 27 Fed. (2d) 76; *Rose & Son, Inc., v. Zurich Gen. Acc. & Liab. Co.* 296 Pa. 206, 145 Atl. 813; *Finkelberg v. Continental Casualty Co.* 126 Wash. 543, 219 Pac. 12. The same effect has been given to similar provisions in statutes. *Rushing v. Commercial Casualty Ins. Co.* 225 App. Div. 49, 232 N. Y. Supp. 255; see *Coleman v. New Amsterdam Casualty Co.* 247 N. Y. 271, 275, 160 N. E. 367, 369. To the same effect also see *Venz v. State Automobile Ins. Asso.* 217 Iowa, 662, 251 N. W. 27.

In view of the provisions of the insurance policy, to which reference has been made, and the provisions of sec. 204.30 (1), Stats., which becomes a part of the policy, we hold that it is a contract of liability and not mere indemnity. *Hoven v. Employers' Liability Assurance Corp.* 93 Wis. 201, 67 N. W. 46, 48; *Illinois Surety Co. v. Maguire,* 150 Wis. 544, 545, 137 N. W. 782; 29 Am. Jur. p. 798, § 1061; 14 R. C. L. p. 1321, § 496; *Miller v. Collins,* 328 Mo. 313, 40 S. W. (2d) 1062, 1065; *Martin v. Zurich Gen. A. & L. Ins. Co.* (1st Cir.) 84 Fed. (2d) 6; *State ex rel. Boney v. Central Mutual Ins. Co.* 213 N. C. 470, 196 S. E. 837, 117 A. L. R. 231.

The insurance policy being a contract of liability, the order of September 18, 1940, vacating and setting aside the temporary order restraining respondent from taking action to collect the judgments and permitting him to issue execution thereon, was properly entered. More than thirty days had expired from the date of entry of said judgments and under the terms of the policy of insurance, respondent had an absolute right to take the necessary steps to collect said judgments.

The circuit court order of September 30, 1940, denying the Insurance Company's motion to vacate and set aside the order of August 28th and to quash and set aside all proceedings in the action subsequent to the order of the 28th, which order made the Insurance Company a party to the action for the purpose of motions then pending or which might thereafter be made, was properly entered. The order of August 28th granted leave to all parties to serve and file such pleadings, affidavits, or other papers as they might deem proper or relevant. Sec. 260.19, Stats., provides:

"(1) When a complete determination of the controversy in court cannot be had without the presence of other parties, or when persons not parties have such interests in the subject matter of the controversy as require them to be parties for their protection, the court *shall* order them brought in. . . ."

The order of August 28th was entered by the court on its own motion. In *Patitucci v. Gerhardt,* 206 Wis. 358, 362, 240 N. W. 385, the court said:

"And when it is further considered that the obligation on the part of the trial court to bring in indispensable parties is one that exists independently of any motion by either party, it must be apparent that sec. 260.19 has a larger objective than merely the protection of the parties to the action. It is the apparent intention of the legislature that single controversies shall be determined in one action, for the purpose of promoting expedition and economy in the administration of justice."

The orders appealed from must be affirmed.

We see no occasion for further discussion in reference to the appeal in case No. 152, which is the appeal from the summary judgment entered on December 27, 1940. This was a separate action by respondent against the Insurance Company to recover the amount of the judgments to which reference has been made. The Insurance Company was served with a copy of the summons and complaint in this action. Its answer alleged in substance the facts hereinbefore stated, the defendant's contention being that respondent was obligated to accept the securities which had been tendered him and refused in satisfaction of the judgments. The merits of the Insurance Company's contentions have been fully discussed. Upon the record there was no defense to the action, and the summary judgment was properly entered and must be affirmed.

*By the Court.*—Orders and judgment affirmed.