No. 37,583

RUTH G. PEARCY, *Appellant,* v. FIRST NATIONAL BANK IN WICHITA, a banking corporation, *Appellee.*

(208 P. 2d 217)

Opinion filed July 9, 1949.

*E. E. Sattgast,* of Wichita, argued the cause, and *John Madden, Jr.,* of Wichita, was with him on the briefs for the appellant.

*W. D. Jochems,* of Wichita, argued the cause, and *J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden* and *S. C. Durbin,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action brought by the payee of a check to recover against a bank which honored the check upon an allegedly unauthorized endorsement. The bank's demurrer to the plaintiff's petition was sustained and she appeals.

Preliminary pleadings and motions need not be noticed. In her amended petition, plaintiff alleged that on September 16, 1947, the clerk of the district court of Meade county issued a check drawn on a bank in Meade, payable to the order of Ruth G. Pearcy for $1,362.53, in payment of proceeds in the hands of the clerk in the case of Pearcy v. Williams (case No. 4321); that the check was cashed by the defendant bank without the endorsement of the plaintiff and by someone other than the plaintiff, without her authority; that plaintiff never authorized the defendant bank to cash the check and did not authorize anyone to endorse her name upon the check and to receive the proceeds; and that the defendant bank wrongfully and without authority cashed the check and paid the proceeds to some person other than the plaintiff, who at that time was acting without the authority of the plaintiff and that plaintiff was thereby deprived of the proceeds of $1,362.53, which were rightfully hers. Plaintiff further alleged that she is the same person as the plaintiff

in Pearcy v. Williams (case No. 4321) in the district court of Meade county, Kansas, and that she was represented in that action by counsel, who were Cyrus Leland of Meade, Kan., and Fred Hinkle of Wichita, Kan. Plaintiff further alleged that she had made demand upon the defendant bank and that the demand was refused and that the defendant bank was indebted to her in the sum of $1,362.53 and interest, for which she prayed judgment. Attached to and made part of her petition was a copy of the check and for our purposes it was a check drawn by the clerk of the district court upon the First National Bank of Meade, payable to the order of Ruth G. Pearcy, for $1,362.53. In the lower left corner was a notation "Case No. 4321, For Pmt. as per Court Order Pearcy v. Williams." The check bore endorsements, viz. "Ruth G. Pearcy By: Fred Hinkle her attorney" "Fred Hinkle", and an endorsement by the defendant bank.

The bank demurred to the amended petition for the reason that it did not state facts sufficient to constitute a cause of action.

In support of the trial court's ruling sustaining that demurrer, the bank contends that an attorney at law has implied authority to endorse his client's name by himself as attorney and cash a check payable to his client, when the check represents proceeds derived from a lawsuit in which the attorney represented the client. In its brief the bank admits inability to find a Kansas case which passes on a like factual situation, and our attention is directed to decisions of this court said to have a bearing on the question, and to decisions from other states.

The bank first directs our attention to *Chamberlin Co. v. Bank*, 107 Kan. 79, 109 Pac. 742. In that case the plaintiff sent its agent out to contract for and supply materials, using a form of contract providing for payment to him in cash. In an instance he took a check in the name of the company. The agent endorsed the check by signing the company name by himself as agent and cashed it. The company sued the bank and recovered. This court reversed, holding that the principal could not compel the bank to pay it the amount of the check. A review of the evidence considered in that case shows a course of conduct warranting a conclusion that, inasmuch as the agent was authorized to collect cash, and the bank's cashier knew of his making and carrying out contracts, the mere use of the check as a ready means of collecting cash was so incidental and natural that for the bank to have refused payment

would have amounted to an imputation against the commercial honesty of the company. There is no particular analogy to be drawn that the case supports the bank's position.

The bank also contends that lawyers are not ordinary agents and our attention is directed to the oath a lawyer takes on admission to the bar, to the canons of ethics, to statutory grounds for disbarment, and to the fact that lawyers are officers of the court and subject to disciplinary power. We need not dwell upon the high standard of duty required of an attorney for that is not decisive of the instant case. The relation of attorney and client is one of agency and the general rules of law that apply to agency apply to that relation (7 C. J. S. [attorney· and client § 67], p. 850).

The bank also directs attention to our statute respecting attorney's liens and rights thereunder, but as there is nothing alleged to warrant any discussion, the question will be passed. Neither shall we discuss at length argument predicated on *Smith v. Ward,* 161 Kan. 453, 169 P. 2d 93, where it was held that where an attorney has recovered a judgment for his clients he has authority, by virtue of his employment, to receive payment and enter satisfaction of such judgment. Reference to that case will show it was a partition action in which an attorney received a check in his own name for moneys due his client; that he had a contract for fees and had withheld the proper amount thereunder; that there was no controversy between attorney and client, and that the whole issue was the power of the court to compel the attorney to refund the entire amount collected by him to the clerk of the court, who was ordered to make a redistribution by making separate checks to the individual persons entitled thereto. Although there is much said in that opinion concerning the relation of attorney and client, the question now before us is not treated.

It may also be observed that in none of the cases mentioned is there any contention made or rule stated that authority of an agent, whether express or implied, is not a subject of proof, or if the facts are not in dispute, then a question of law based on those facts.

In 41 Am. Jur. p. 457, Pleading, § 238, it is said:

"It is a universally recognized rule for which citation of authority is hardly needed that for the purpose of testing the sufficiency in law of the facts stated in a pleading, a demurrer thereto admits or confesses the truth of all the properly pleaded facts averred . . ."

In support *Sedan State Bank v. Stephenson,* 150 Kan. 210, 92 P.

2d 1, is cited. Under the rule stated the demurrer admits that some-one, other than the plaintiff and without her authority, presented the check and received payment therefor from the defendant bank.

In 2 C. J. 427, it is said that if an agent be appointed in terms, either oral or written, the agency is express; if he is not appointed in terms but the employment is implied as a matter of fact from the conduct of the parties and the circumstances of the case, the agency is implied.

From the proven or conceded facts an implication is drawn that agency exists—it is inferred by reason of those facts that the agency extends further. Although the authorities take note of the difference between inferences and presumptions (20 Am. Jur. p. 165, Evidence, § 162) as a matter of fact they are often used interchangeably. And such presumption or inference must give way when in conflict with the facts which have been established. (Id. p. 164, § 160).

In effect the bank asks the court to infer from the fact that Hinkle represented plaintiff in the Meade county suit that he was her agent to sign her name to the check which the clerk of the court made, not to him, but to her. It may be conceded that there are many occasions where by reason of emergency in protecting the client's rights the attorney might be warranted in signing and cashing a check payable to his client's order, or that he might have a lien on the proceeds which he would have a right to collect and withhold, or that there might be other circumstances warranting an inference he was authorized to endorse and collect the check, but none such are disclosed by the amended petition before us. Nor is there anything pleaded that would warrant any inference the bank, at the time it cashed the check, was aware of any course of dealing between the plaintiff and Mr. Hinkle.

In *Sedan State Bank v. Stephenson*, supra, the action was upon a judgment. The answer alleged a discharge in bankruptcy. The plaintiff's demurrer to that answer was overruled and it appealed, raising the question of the sufficiency of the adjudication in bankruptcy. In disposing of the appeal this court said:

"But we have no present need to study the purely legal aspects of this subject. Plaintiff demurred to the answer in which defendants specifically alleged that they had been duly and regularly discharged in bankruptcy from all their provable debts, including the debt and judgment sued on. They also alleged that plaintiff had filed a claim in the bankruptcy court based on plaintiff's judgment sued on, and that it had been allowed by that court and that 'defendants [were] discharged therefrom.'

"Plaintiff's demurrer to this answer conceded the truth of its pertinent allegations. (Phillips on Code Pleading, 2d ed., §§ 83, 302; 49 C. J. 362, 444, 445, 21 R. C. L. 506.) Counsel for plaintiff says that its demurrer was based on the proposition that the bankruptcy of the partnership did not affect the liability of the appellees individually. That might or might not be correct as an abstract proposition. But to give countenance to that contention here would be to ask this court (or the trial court) to disbelieve the plain allegations of defendants' answer. Mayhap what defendants pleaded could not be supported by the record. If so, the way to have met their pleadings was by a reply containing a general denial, or by a motion requiring them to set out in full the order of the bankruptcy court which should show beyond cavil whether or not defendants had been individually discharged from all their provable debts including the one sued on in this action. As the issue was joined, the judgment of the district court was undoubtedly correct and must be affirmed. It is so ordered." (l. c. 212.)

In the case before us, if the trial court's ruling be sustained, the plaintiff will not have any opportunity to show that the check payable to her was cashed by someone who had no authority to do so. She would be so precluded for the sole reason that her name was endorsed on the check by an attorney who had represented her in a lawsuit. Every fact would be resolved against her and none would be resolved in her favor.

When attacked by a demurrer she was entitled to have her allegation of no authority to any person to cash a check payable to her order resolved in her favor, and if any situation existed, as covered by the contentions made by the bank, it should have been pleaded as a matter of defense.

The ruling of the trial court sustaining the demurrer is reversed and the cause remanded with instructions to overrule the demurrer.