No. 38,080

Ruth G. Pearcy, *Appellant*, v. The First National Bank in Wichita (a banking corporation), and Fred Hinkle, *Appellees.*

(228 P. 2d 707)

Opinion filed March 10, 1951.

*E. E. Sattgast*, of Wichita, argued the cause, and *John Madden, Jr.*, of Wichita, was with him on the briefs for the appellant.

*W. D. Jochems*, of Wichita, argued the cause, and *J. Wirth Sargent, Emmet A. Blaes, Roetzell Jochems* and *Robert G. Braden*, all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Parker, J.: This is an action brought by the payee of a check to recover against a bank which honored the check upon an alleged unauthorized endorsement. The plaintiff attempts to appeal from an order sustaining the bank's motion to make the alleged unauthorized endorser a party defendant.

Another phase of this same case was decided by this court in *Pearcy v. First National Bank*, 167 Kan. 696, 208 P. 2d 217. With one exception the facts essential to an understanding of the nature of the controversy and disposition of the instant cause are fully set forth in the opinion of that case and need not be repeated. For present purposes all that need be said is that prior to perfection of the first appeal the alleged unauthorized endorser's application to intervene in the action was denied by the trial court, from which ruling there was no appeal, and that after our decision reversing the case the bank's motion to make such endorser a party defendant was sustained. From this last ruling the plaintiff gave notice of appeal and now insists the trial court's ruling with respect to that matter constitutes a final order under our statute (G. S. 1949, 60-3302 and 3303) and is now a proper subject for appellate review.

At the outset we are faced by appellees' motion asking that the appeal be dismissed for the reason the order of the trial court making the alleged unauthorized endorser an additional party defendant is not an appealable order. This, of course, is a jurisdictional challenge and must be given first consideration.

Throughout the years this court by repeated decisions, to which we propose to adhere, has held that it is without jurisdiction to entertain attempted appeals from district court orders when it appears from the record no final order has been made or judgment rendered in favor of or against any party to the action, all of such decisions being based upon the salutary principle that such rulings do not have the effect of terminating the action or foreclosing the parties thereto from thereafter asserting the matters therein sought to be determined, never deprive any litigant of substantial rights, and at the most merely postpone their final determination until after the trial court has been afforded an opportunity to proceed with and dispose of the cause upon its merits (see *In re Estate of West*, 167 Kan. 94, 204 P. 2d 729, and decisions there cited).

Appellant recognizes the rule to be as above stated but contends the instant appeal does not come within the purview of its terms because (1) the unappealed ruling of the trial court refusing to permit the endorser to intervene on his own application has become *res judicata* and acts as a bar or estoppel on the motion of the defendant bank to make him an additional party and (2) this court has held (*Ousley v. Osage City*, 95 Kan. 254, 147 Pac. 1110) the denial of an application to intervene is an appealable order. We shall consider the questions thus raised inversely.

The short answer to appellant's second contention is that denial of an application to intervene by a person who is not a party to an action does terminate that action as to him whereas the sustaining of such an application, either on his motion or on that of some other litigant, has exactly the opposite effect and permits all parties to have their rights adjudicated.

Appellant's first contention, while more complex in nature, has no more merit than the second. In fact the very grounds upon which it is based disclose its fallaciousness. Either of the grounds relied on could be asserted as a defense and it is certain appellant is not precluded from asserting them as such simply because the trial court, as the statute (G. S. 1949, 60-411) permits, directed that the endorser of the check be made a party defendant. Indeed the

general rule, so elementary as to require no citation of authorities, is that unless they appear upon the face of the pleadings they must be pleaded in order to be availed of as a defense.

It is clear from the record the action of the trial court in allowing the bank's motion and in making the endorser of the check a party was made pursuant to the provisions of 60-411, *supra.* With specific reference to such statute this court has held that orders making additional parties pursuant to its terms are not subject to appellate review (see *Howard v. Bank,* 107 Kan. 489, 492, 192 Pac. 746, and *Dicks v. Wilson,* 143 Kan. 716, 56 P. 2d 1036).

Based upon the two last cited decisions and the others referred to earlier in the opinion we hold this court is without jurisdiction to entertain the instant appeal and that it must be dismissed.

It is so ordered.